**Nathaniel A. DENMAN, Appellant,**

v.

**Lawrence SHUBOW, Appellee.**

**No. 7302.**

United States Court of Appeals First Circuit.

Heard June 4, 1969.

Decided June 26, 1969.

———◆———

Nathaniel A. Denman, pro se.

Appellee not appearing.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiff, Nathaniel Denman, appeals from an order of the district court denying reconsideration of a judgment dismissing his complaint for lack of prosecution. The complaint, an alleged civil rights action, was brought in December 1966. Throughout the proceedings in the district court and in this court plaintiff has appeared *pro se.* Also, he purports to represent his six minor children.[1]

On March 25, 1968, the case was called for assignment for trial in the district court. Plaintiff was not present at the call and as a result the complaint was dismissed without prejudice. He claims that on the morning of the 25th

---

1. We note that plaintiff's motion for leave to proceed in forma pauperis was allowed by the district court "only as to Nathaniel Denman pro se." No appeal having been perfected on behalf of the minor children, they are not now before this court.

his alarm clock did not operate because he forgot to pull the pin; that at the time he was under medication to make him drowsy and slept until about 12:30 p.m.; that almost immediately after realizing that he had overslept he called the district court to apprise the clerk of his predicament only to find that his case had already been dismissed.[2] It also appears that Denman was living alone on Cape Cod at the time, a considerable distance from the Federal Building in Boston. Notwithstanding this, he claims that he went to Boston without delay, tried to see the district judge to explain his absence at the call, but without success. Later that same afternoon (March 25) the instant long hand motion for reconsideration was filed. The record shows that the district court took no action on this motion until January 7, 1969.

Ordinarily in the absence of some good reason we would not be prone to excuse a party's failure to answer a call for assignment of his case for trial. Here, however, there appear to be some mitigating circumstances. Giving the plaintiff the benefit of the doubt, we can understand why he overslept, particularly when he was taking prescribed medication to make him sleep. But after he finally awoke about mid-day he acted promptly to remedy the situation. The record does not indicate that he had been otherwise dilatory. Moreover, this is not a case where the witnesses had been summoned or where the trial was scheduled to begin that day. It was only the assignment day. There is no indication in the record that the opposing party was or would be seriously prejudiced by plaintiff's failure to appear on time.

When the circumstances surrounding plaintiff's tardiness were brought to the district court's attention by the motion for reconsideration, we think the ends of justice would have been better served if the district court had taken the neces-

sary steps to assign the case for trial on the merits. This *pro se* plaintiff would thereby have been assured of his day in court. Also, we are at a loss to understand why the district court dismissed the complaint so soon after the call was commenced and why some nine months were allowed to pass before the court took action on the motion for reconsideration. It is not as if this were a case in which the complaint failed to state a cause of action. We have already held that it did. Case No. 7043, order of December 14, 1967. Under all the circumstances here we think the order denying reconsideration should be reversed and the case restored to the next assignment list.

Judgment will be entered vacating the order of the District Court, and remanding the case with directions to place the case on the next assignment list.

---

2. The record indicates that the order granting dismissal of the complaint was entered at 10:20 a. m. on March 25, 1968.