**In re Ralph FERRARO and Margaret Ferraro, Debtors.**

**Bankruptcy No. 885–50944–20.**

United States Bankruptcy Court, E.D. New York, at Westbury.

Nov. 7, 1985.

Bernard S. Greco, Jericho, N.Y., for debtors.

Michael Macco, Melville, N.Y., trustee.

Philip Irwin Aaron, P.C., Jericho, N.Y., for Standard Federal Sav. and Loan Ass'n.

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard on the motion of debtors in this chapter 13 bankruptcy for an order vacating the court's dismissal of this case on July 23, 1985. Debtors' attorney contends that neither he nor his clients attended the hearing on July

23, 1985 because he assumed that Standard Federal's motion would be automatically adjourned. The court finds that debtors have failed to establish cause to vacate the dismissal of their case, and hereby denies the motion.

## FACTS

1. On June 11, 1985 debtors filed a chapter 13 petition for bankruptcy in this court. A hearing on confirmation of the debtors' proposed plan was scheduled for July 23, 1985 at 11 a.m.

2. On July 11, 1985 Standard Federal moved to deny confirmation of debtors' proposed plan, or in the alternative, obtain relief from the automatic stay, or in the alternative to dismiss the debtors' case. Standard Federal stated with regard to its mortgage on the debtors' real property:

5. That the debtor(s)' proposed plan violates 11 U.S.C. Section 1322(b)(2) in that it seeks to cure the default to OBJECTANT by payment of less than ONE HUNDRED (100%) percent of the sums due. The debtor(s)' proposed plan provides for the payment of THIRTY–THREE THOUSAND FORTY–SIX and 00/100 ($33,046.00)............DOLLARS including interest to OBJECTANT. That as of the date of filing of the debtor(s)' petition, the following sums were due and owing:

| | |
|---|---|
| Mortgage arrears from 9/82 to 6/85 at 674.00 per month | $22,916.00 |
| Late charges | 916.64 |
| Legal fees and expenses | 1,467.00 |
| Other charges: Inspections | 50.00 |
| Less unapplied sums Present value of 12% interest over 60 months | 8,483.76 |
| TOTAL | $33,833.40 |

[no paragraph six]

7. That the budget submitted by the debtors shows that the debtors are incapable of curing the aforesaid default within a reasonable period of time.

8. That the debtors' plan fails to provide for the curing of the default within a reasonable time as required by 11 U.S.C. Section 1322(b)(5) and (c).

As of the date of the debtors' filing in bankruptcy, the mortgage agreement was 36 months old. The debtors are requesting more time to cure the default than the mortgage is old.

That as of the date the debtors filed their petition, they were 34 months in arrears having made only two payments on this obligation. That the debtors are requesting an excessive period of time to cure the default in light of the number of installments made.

9. That to the date hereof, the debtors have failed or refused to pay the mortgage installments that have come due subsequent to filing as proposed under their plan.

10. That over the preceding three years, while the debtors have been living rent-free, OBJECTANT has advanced more than $6,200.00 to protect its' interests. Ths [sic], in effect, is an interest-free loan. One wonders why these debtors have no lump-sum available to pay upon confirmation.

3. The motion was marked returnable on July 23, 1985, the same date as debtors' confirmation hearing.

4. The confirmation hearing was subsequently adjourned.

5. On July 23, 1985 Standard Federal appeared, but neither the debtors nor their attorney appeared; nor were pleadings in opposition to Standard Federal's motion filed.

Accordingly, the court dismissed debtors' petition.

6. Counsel for debtors timely filed a motion to vacate the courts' order in which he stated that:

I did not appear on that motion because I was confused over a mix up in dates and had assumed, as my experience in the past [sic], that motion [sic] of this nature would be automatically adjourned to the next confirmation date, of September 10, 1985.

## DISCUSSION

Debtors' counsel set forth his only argument in favor of vacating the court's order of dismissal as follows:

I have practiced before this court for several years and it was always customary that where a motion to dismiss was to be heard on the same date of confirmation [sic], and where the confirmation was adjourned to another date, then in that event, the motion would automatically be adjourned to the adjourned confirmation date.

With all due respect to Mr. Greco, I have presided over this court for more than several years, yet I am aware of no custom that automatically makes adjournments. Generally, I grant adjournments upon request if all parties consent. Otherwise, I grant adjournments for cause shown. In this case, no one even requested an adjournment. Mr. Greco's pleadings do not contain any citations to laws or cases, and at best his argument is shameful.

Bankruptcy Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure to determine when relief from an order is appropriate. Rule 60(b)(1) authorizes the court to give relief from an order for "mistake, inadvertence, surprise, or excusable neglect." For example, the First Circuit held that when a party failed to show at a hearing due to medication causing him to oversleep, the matter could be restored. *Dennan v. Shubow*, 413 F.2d 258 (1st Cir. 1969). In another case, it was held that bedridden illness is grounds to accord relief from default for failure to appear at trial. *Ken-Mar Airpack, Inc. v. Toth Aircraft & Accessories Co.*, 12 F.R.D. 399 (D.C.Md. 1952). This case is unlike the cited instances of excusable neglect.

SO ORDERED.