**A.P., Appellant**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS EX REL. C.C.,**
**Appellee**

D.C. Civ. App. No. 96-2

T.C. Fam. No. S160-94

District Court of the Virgin Islands

Div. of St. Croix

April 2, 1997

MICHAEL A. LEE, ESQ., St. Thomas, U.S.V.I., *for Appellant*

IRMA INDUSTRIOUS, ESQ., (Assistant Attorney General, Department of Justice), St. Thomas, U.S.V.I., *for Appellee*

MOORE, *Chief Judge*, FINCH and DIASE, *Judges*

## OPINION OF THE COURT

PER CURIAM

A.P. ["appellant"] appeals an order of the Territorial Court requiring him to pay child support. The basis of the order was that the hearing officer's paternity judgment was not obtained fraudulently and that appellant was collaterally estopped from contesting paternity. For the reasons that follow, this Court vacates the order and remands the matter to the Territorial Court for further consideration.

## FACTUAL BACKGROUND

A child, C.P., the subject of this paternity action, was born to C.C. ["appellee"] on November 8, 1983. The appellant is identified on C.P.'s birth certificate as C.P.'s father. Appellant and appellee were never married to each other. (Appellee's Brief at 4).

Appellee filed a petition with the Virgin Islands Department of Justice, Paternity and Child Support Division ["Government"] against the appellant on April 25, 1988, requesting that paternity and child support be established for the child. By Notice of Intent to Take Legal Action dated April 25, 1988, the appellant was notified of the application and was directed to appear at an administrative hearing. The hearing was held on June 3, 1988 before a statutorily authorized hearing officer. In her findings of fact, the hearing officer stated that, "[a]fter considering the evi-

dence, the agency enters the following: . . . That the Respondent acknowledged paternity of the child . . . . That the Respondent is the parent of the child." Based on this finding, the hearing officer on June 9, 1988 entered a judgment that appellant was the father of the child.[1]

The Government filed a Motion for Order to Show Cause in the Territorial Court on October 21, 1994, claiming that the appellant was in arrears on his child support payments. The appellant opposed the motion and requested paternity testing, which the Government challenged on the grounds that collateral estoppel, res judicata, and equitable estoppel barred the appellant from contesting his previous acknowledgment. The appellee nevertheless consented to the paternity testing and the court ordered the blood test, with the reservation that the court would not be bound by the test results. The results of that blood test conclusively excluded the appellant as the child's father. *Government of the Virgin Islands ex rel: C.C. v. A.P.*, Fam. No. S160/1994 (Terr. Ct. St. X. filed Dec. 13, 1995).

The appellant then filed motions for termination of support payments, for removal of his name from the child's birth certificate, and for change of the child's surname to the mother's maiden name, alleging that he had been defrauded by the Appellee. In response to these motions, by an order dated December 14, 1995, the Territorial Court held that the appellant was collaterally estopped from contesting the paternity determination entered by the hearing officer and that the hearing officer's paternity judgment was not obtained fraudulently. At no time did the Territorial Court hold an evidentiary hearing.

## DISCUSSION

This Court is vested with appellate jurisdiction to review the judgments and orders of the Territorial Court in all domestic relations cases. *See* 4 V.I.C. § 33. The issue on appeal, being one of law, is subject to plenary review. *See, e.g., Government Employees Retirement System v. Marlene Hill*, 31 V.I. 129, 131 (D.V.I. APP. 1994).

---

[1] According to V.I. Code Ann. tit. 16, § 354 (1996), the hearing officer has the authority to accept voluntary acknowledgment of paternity and to enter judgments and orders regarding paternity in uncontested paternity cases and to order child support payments. Such orders are final, subject to appeal to the Territorial Court.

■ By filing the motions for termination of support payments, for removal of his name from the child's birth certificate, and for change of the child's surname to the mother's maiden name, the appellant in effect sought relief from the 1988 final judgment of the hearing officer. Because a motion for relief from a judgment does not constitute a new action,[2] the doctrine of collateral estoppel is not applicable. *See* RESTATEMENT (SECOND) OF JUDGMENTS, § 27 (1982).[3] The lower court thus erred in denying appellant's motions based on the Government's faulty argument that appellant was collaterally estopped from challenging paternity. The matter will accordingly be remanded to the Territorial Court.

■ ■ Upon remand, the trial court shall evaluate the merits ofappellant's motion as one for relief from a final judgment under FED. R. CIV. P. 60(b):[4]

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due

---

[2] Although the case was given a new docket number in 1994, when it was brought before the Territorial Court, the case is not in fact a new action, but an action to enforce the judgment of the hearing officer.

[3] Issue preclusion or collateral estoppel applies only to a later lawsuit seeking to relitigate issues already determined in an earlier suit between the same parties:

### § 27. ISSUE PRECLUSION — GENERAL RULE

When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a **subsequent action** between the parties, whether on the same or a different claim.

RESTATEMENT (SECOND) OF JUDGMENTS, § 27 (1982) (emphasis added).

[4] The Rules of Civil Procedure apply to civil and paternity proceedings in the Territorial Court, absent an express rule or provision in the law or the rules to the contrary: "The practice and procedure in the Territorial Court shall be governed by the Rules of the Territorial Court and, to the extent not inconsistent therewith, by the . . . Federal Rules of Civil Procedure . . . ." TERR. CT. R. 7. We thus look to the interpretations of the federal rules by the United States Court of Appeals for the Third Circuit, even though the rules are being applied in a context of purely local, Virgin Islands substantive law. This distinction between matters of purely local law and issues of federal law is developed more fully in *Monsanto-Swan v. Government of the Virgin Islands*, 33 V.I. 138, 918 F. Supp. 872 (D.V.I. APP. 1996); *see HOVIC v. Richardson*, 894 F. Supp. 211, 32 V.I. 336 (D.V.I. APP. 1995).

diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The purpose of Rule 60(b) "is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Secretary of Health, Education and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978) (providing relief because attorney egregiously failed to respond to summary judgment motion).

██ ██ The appellant argues that he should be relieved of the judgment because it was obtained through fraud. Such relief under Rule 60(b) (3) is unavailable, however, because it must have been bought within one-year after the 1988 judgment. Fed. R. Civ. P. 60(b)(3). On the other hand, Rule 60(b)(6) is not so constrained in time; it permits a judgment to be vacated "for any other reason justifying relief." According to the United States Supreme Court, relief under Rule 60(b)(6) should be granted when "appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15, 93 L. Ed. 266, 69 S. Ct. 384 (1949) (granting relief of default judgment obtained while defendant was incarcerated and otherwise unable to defend himself). Professor Moore has written that Rule 60(b)(6) "is a grand reservoir of equitable power to do justice in a particular case." 7 James W. Moore Et Al., Moore's Federal Practice § 60.27[2], at 60-295 (1983) (cited in *Martinez-McBean v. Government of the Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977)).

██ Rule 60(b)(6), however, does not confer on the courts a "standardless residual discretionary power to set aside judgments." *Moolenaar v. Government of the Virgin Islands*, 822 F.2d 1342,

1346 (3d Cir. 1987) (holding that judgment based on incorrect facts did not constitute sufficient ground for setting aside judgment). Such relief is only available upon a showing of "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 202, 95 L. Ed. 207, 71 S. Ct. 209 (1950) (finding no extraordinary circumstances in that decision not to appeal was a "free, calculated, deliberate choice"); *Moolenaar v. Government of the Virgin Islands*, 822 F.2d at 1347. A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." *FDIC v. Alker*, 234 F.2d 113, 116 (3d Cir. 1956).

 To determine whether extraordinary circumstances exist, a full hearing must be held by the trial court, the parties must be given the opportunity to produce their witnesses, and the Territorial Court must render findings of fact and conclusions of law. *See Alker*, 234 F.2d at 117 (directing judge to hold a full hearing to determine existence of extraordinary circumstances). At such hearing, reasons justifying relief under clauses (1), (2), or (3) of Rule 60 — mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud — may not be considered. *See Stradley v. Cortez*, 518 F.2d 488, 493-94 (3d Cir. 1975); *Moolenaar*, 822 F.2d at 1346 n.5. Rule 60(b)(6) may not be used as a means to circumvent the time limitations of 60(b)(1)-(3); it is only available upon a demonstration of extraordinary circumstances, and even only then for relief based upon "any other reason" than one which would justify relief under 60(b)(1)-(5). Stradley, 518 F.2d at 493-94.

## CONCLUSION

The Territorial Court denied appellant's motion for relief from final judgment of paternity and child support on the ground that appellant was collaterally estopped from contesting the issue. Having found the court's ruling to be in error, the order denying relief is therefore vacated and the matter remanded for consideration as a motion for relief from final judgment under Rule 60(b)(6) in accordance with this opinion. A separate order follows.

DATED this 2nd day of April 1997.

## ORDER OF THE COURT

AND NOW, this 2nd day of April 1997, having considered the arguments and submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED AND ADJUDGED that the December 13, 1995 ruling of the Territorial Court is VACATED and REMANDED.