**RITA VESSUP, Plaintiff**
**v.**
**HEATHER COCHRAN, Defendant**

Civ. No. 663/1993

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 16, 1997

Kwame O. Montilewa, Esq., St. Thomas, U.S.V.I., *for Plaintiff*

Heather Cochran, Pro Se, Philadelphia, PA, *Defendant*

SWAN, *Judge*

### MEMORANDUM OPINION

Before the Court is Plaintiff's Motion to Reconsider the Court's June 9, 1997 Order dismissing the above captioned case, because of

Plaintiff and her counsel's failure to appear for trial. Because the Court finds that the Defendant was not prejudiced by Plaintiff's failure to appear for trial and for the reasons that follow, the Plaintiff's Motion to Reconsider will be granted and the June 9, 1997 Dismissal Order will be vacated.

### FACTS

On March 10, 1997, this Court entered an order scheduling the above captioned case for a pretrial conference on Monday, May 19, 1997 at 9:00 a.m. The next day, a copy of this order was placed in counsel for Plaintiff's mail box at the courthouse, affording counsel more than two months notice of the conference. Despite two months notice, Plaintiff's counsel, Kwame O. Montilewa, Esq. (hereinafter "Montilewa") did not appear at the conference. However, by prior agreement between Montilewa and another local attorney, the local attorney appeared at the pretrial conference in Montilewa's stead. The attorney represented to the Court that because of Montilewa's unavailability, he was appearing for Montilewa on Plaintiff's behalf. The substituting attorney participated fully in the discussions during the pretrial conference. Moreover, the attorney appeared to be conversant in the various aspects of the case. At the May 19, 1997 Pretrial Conference, the Court scheduled the trial for Monday, June 2, 1997 at 9:00 a.m. The substituting attorney was likewise informed of the trial date.

On Monday, June 2, 1997, the case was announced for jury selection by the courtroom clerk. Neither Plaintiff nor her counsel, Montilewa, or any third party appeared for either Plaintiff or her counsel. Importantly, at no time during the day of June 2nd did Montilewa contact the Court or communicate with the Court concerning this case. Additionally, the Court never received any inkling that Plaintiff or Montilewa had an emergency or that their non-appearance involved other exigent circumstances. Consequently, the Court dismissed the case and entered an Order dated June 9, 1997 confirming the dismissal.

Approximately one month later on July 8, 1997, Montilewa, on behalf of Plaintiff, filed a Motion for Reconsideration of the Dismissal Order, seeking to have the case reinstated. The motion consists of two pages, but it is devoid of legal citation to any

procedural rule, statute or case law, even though citation to legal authority is required by LRCi 7.1(e)[1]

## DISCUSSION

In his motion papers, Attorney Montilewa dismally fails to cite the legal authorities upon which he relies to support the motion. Nonetheless, the Court will treat the motion as one filed pursuant to FED.R.CIV.P. 60(b)(1). RULE 60(b)(1) provides, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."

■ RULE 60(b)(1) motions must be made within a reasonable time. *Sheng v. Starkey Labs, Inc.*, 53 F.3d 192, 194 (8th Cir. 1995); *Moolenaar v. Government of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987). About thirty days elapsed between the Court's entry of the Dismissal Order and the Plaintiff's filing of her Motion for Reconsideration. The Court finds that Plaintiff's filing of the motion within one month of the Order of Dismissal was reasonable and timely; therefore, the motion is properly before the Court. *See Association for Retarded Citizens of Conn., Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995)(time lag of less than one month between judgment and motion for reconsideration under FED.R.CIV.P. 60(b)(5) was reasonable).

■ Additionally, a motion for relief from a judgment or final order under RULE 60(b)(1) is addressed to the sound discretion of the trial court. *Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995); *Central W. Rental Co. v. Horizon Leasing*, 967 F.2d 832, 836 (3d Cir. 1992); *Skinner v. Guess*, 27 V.I. 193, 196 (D.C.V.I. 1992). Courts have exercised this discretion in a wide variety of cases. 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2858 (1995). For example, judgments entered because of a party's failure

---

[1] RULE 7.1(e) of the LOCAL RULES OF CIVIL PROCEDURE provides:

BRIEF SUPPORTING MOTIONS. Motions shall be accompanied by a brief which shall contain a concise statement of reasons in the support of the motions and citation of authorities upon which the movant relies.

to appear at trial have been set aside under RULE 60(b)(1) when there has been a good excuse for the failure to appear. *See Dennman v. Shubow,* 413 F.2d 258 (1st Cir. 1969). In *Dennman,* the First Circuit Court of Appeals held that relief under RULE 60(b)(1) was appropriate where the Plaintiff's failure to appear for trial was because he overslept after taking prescription medication to make him sleep, and he acted promptly to remedy the situation. *Id.* at 259.

Similarly, judgments have been set aside when they were based on a misunderstanding about the appearance and representation by counsel, resulting in confusion over the trial date. *See Ellingsworth v. Chrysler,* 665 F.2d 180 (7th Cir. 1981). In *Ellingsworth,* the trial court scheduled the trial date during a pretrial conference, but there was some confusion as to the actual date scheduled and no written notice was sent to defendant's attorney to confirm the date of the trial. The Seventh Circuit Court of Appeals held that defendant's failure to appear at trial was the result of mistake or excusable neglect. *Id.* at 184.

Montilewa states that his failure to appear at the scheduled trial was not because of any wilful disregard of the Court's instructions or contumacy on his part. Instead, he asserts that his failure to appear was caused by a failure in communication between the attorney who appeared at the pretrial conference on his behalf and himself, concerning the trial date in this case.

Montilewa further asserts that he did not appear at the May 19, 1997 Pretrial Conference at which the Court scheduled the trial for June 2, 1997. However, Montilewa is reminded that his client, the Plaintiff, was represented by another local attorney, who was substituting for him. In an effort to eschew any culpability, Montilewa states that it was not until June 3, 1997, one day after the trial date, that the attorney informed him of the June 2, 1997 trial date. Based on the above, Plaintiff, through counsel, moves this Court to reconsider its June 9, 1997 Order of Dismissal.

After reviewing the motion and the reasons offered by Montilewa for his failure to appear for trial, the Court finds that Montilewa was irresponsible and derelict in his handling of this matter. Montilewa is the attorney of record for Plaintiff. He was not present at the May 19, 1997 Pretrial Conference, but another attorney, upon Montilewa's request and with his tacit acquies-

cence, appeared for him. Following the conference, Montilewa was duty bound to take the initiative to retrieve the case file from the attorney who substituted for him and to immediately ascertain the impending trial date. May 19 to June 2, 1997 encompasses two weeks, which was ample time for Montilewa to journey to the office of the substituting attorney and retrieve the case file. For Montilewa to offer in his defense that his secretary called the office of the substituting attorney to inquire about the pretrial conference and was told that the attorney "promised to return the call but inadvertently forgot to do so" is ludicrous.

It is common knowledge and the practice in a myriad of jurisdictions, including this jurisdiction, that a final pretrial conference is a preliminary and preparatory proceeding to scheduling a trial date. See FED.R.CIV.P. 16(d).[2] Therefore, Montilewa had constructive notice that a trial date was imminent. Moreover, if within a reasonable time, Montilewa was unable to procure his case file from the substituting attorney, he could have endeavored to review the Court's file at the Office of the Clerk. A review of the Court's file would have disclosed to him the impending trial date.

Montilewa was obligated to ascertain the trial date immediately following the pretrial conference and to appear at trial on behalf of his client. He was remiss and failed in his obligation to his client, by his total reliance on the substituting attorney to timely inform him of the trial date. Montilewa must have known that by his failure to appear for trial his client would suffer immeasurable prejudice.

Nevertheless, the Court is mindful that the only notice of the June 2, 1997 trial date was announced at the May 19, 1997 Pretrial Conference. Admittedly, no additional notice of the trial was served upon either counsel or the party litigants. However, no further notice of the trial date would be required to be sent to

---

[2] RULE 16(d) of the FEDERAL RULES OF CIVIL PROCEDURE provides:

FINAL PRETRIAL CONFERENCE. Any final pretrial conference shall be held as close to the time of trial as reasonable under the circumstances. The participants at any such conference shall formulate a plan for trial, including a program for facilitating the admission of evidence. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Plaintiff or her counsel, after the trial date was announced at the pretrial conference and in the presence of the substituting attorney.

Additionally, the Court is mindful that the Plaintiff was not the only party who failed to appear for the scheduled trial. The Defendant, likewise, failed to appear. Apparently, Defendant has abandoned her initial interest in defending this suit. Defendant outrageously failed to cooperate with her counsel in his efforts to defend her against Plaintiff's claim, forcing Defendant's counsel to file a motion to withdraw. This Court granted defense counsel's motion to withdraw approximately two years ago, and since then no other attorney has filed a notice of appearance on Defendant's behalf. Furthermore, Defendant appears to have no meritorious defense to Plaintiff's claim. Accordingly, Defendant cannot claim or profess any prejudice to her, because of Plaintiff's failure to appear for trial or by the reinstatement of this case.

■ The Second Circuit Court of Appeals recently enunciated a definition of "excusable neglect" concerning vacating default judgments. Even though this case does not involve a default judgment, the Court will borrow the Second Circuit's definition. Generally, the Second Circuit examines three criteria to determine if there is excusable neglect: 1) whether the default was wilful; 2) whether the opposing party has a meritorious defense; and 3) the level of prejudice that may occur to the non-defaulting party. *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996). After reviewing the circumstances of Plaintiff and Montilewa's non-appearance for trial, this Court concludes that their non-appearance was not wilful, that Defendant has no meritorious defense, and that Defendant will not be prejudiced by having the dismissal order vacated.

■ Attorneys are reminded and the Court now holds that whenever another attorney appears at a pretrial conference on behalf of the attorney of record, the attorney of record will be held responsible for knowing and be charged with knowledge of what transpired at the pretrial conference, and all of which shall be imputed to the attorney of record. Attorneys of record have a responsibility to their clients to continuously endeavor to be fully apprised of all matters in their cases. Section 1.3 of the Model Rules

OF PROFESSIONAL CONDUCT FOR LAWYERS echoes these sentiments when it provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

In future similar circumstances, this Court will not be as magnanimous as it is in this case.

## CONCLUSION

While Attorney Montilewa's action in failing to appear for trial was irresponsible, the Defendant was not prejudiced by Plaintiff or Montilewa's failure to appear at the scheduled trial. Therefore, the Court will in this one instance, and with considerable reluctance, absolve Plaintiff and her counsel's actions by failing to appear for trial. The Motion to Reconsider the dismissal will be granted. Thus, the June 9, 1997 Order of Dismissal is vacated.

DATED: December 16, 1997.