**CHARLIE'S CONCRETE SERVICES, INC., Plaintiff**

**v.**

**NEVILLE ANTHONY and N.A.A. CONSTRUCTION, INC., Defendants**

Case No. SX-06-CV-556

Superior Court of the Virgin Islands

Division of St. Croix

July 24, 2009

Renee D. Dowling, Esq., Law Offices of Renee D. Dowling, Christiansted, St. Croix, *Attorney for Plaintiff*.

ESZART A. WYNTER, ESQ., Law Offices of Eszart A. Wynter, Sr., P.C., Frederiksted, St. Croix, *Attorney for Defendants.*

DONOHUE, Sr., *Presiding Judge*

## MEMORANDUM OPINION

(July 24, 2009)

**THIS MATTER** is before the Court on Defendants' Motion to Vacate Judgment, Motion to Stay Writ of Execution, and Motion to Prohibit Execution of Property in Accordance with Title 5 V.I.C. § 479(a)(2). Plaintiff has filed its respective Oppositions.

### I. FACTUAL and PROCEDURAL BACKGROUND

The Complaint in this matter was filed on September 8, 2006. An Entry of Default was entered against both Defendants on October 30, 2006. On November 21, 2006, a judgment in the amount of $10,407.50 plus costs, attorney's fees, and interest was awarded in favor of Plaintiff. A Praecipe was filed on December 29, 2006, and a Writ of Execution was filed on January 8, 2007. No action appears to have been taken until October 28, 2008, when Plaintiff filed a Verified Petition for Examination of Judgment Debtor. The Court scheduled the examination of judgment debtor hearing for January 27, 2009. Plaintiff appeared with Counsel and Defendant Anthony appeared *pro se* representing himself and N.A.A. Construction, Inc., as its resident agent. After inquiry into Defendants' assets, Plaintiff's Counsel requested to proceed with filing a Writ of Execution. The Court granted the request at the hearing. A Praecipe and a Writ of Execution were then filed on January 29, 2009. On March 2, 2009, a Notice of Appearance on behalf of Defendants was filed by Eszart A. Wynter, Sr., Esq. Counsel for Defendants also filed a Motion to Vacate Judgment to which Plaintiff filed an Opposition on March 6, 2009, along with a Motion to Strike Unsigned Pleading. On March 11, 2009, Defendants filed a Motion to Stay Writ of Execution to which Plaintiff filed an Opposition on March 17, 2009. On March 20, 2009, Defendants filed a Motion to Prohibit Execution of Property in Accordance with Title 5 V.I.C. § 479(a)(2). Plaintiff's Opposition was filed on April 21, 2009.

## II. DISCUSSION and ANALYSIS

### Motion to Vacate Judgment

Pursuant to Rule 50 of the Superior Court Rules, for good cause shown, the Court may set aside an entry of default, judgment by default, or judgment after trial or hearing; these applications are governed by Rules 59 to 61, inclusive, of the Federal Rules of Civil Procedure. SUPER. CT. R. 50. According to Rule 60(b)(1), relief from a final judgment may be granted on the basis of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1)(2007). "The purpose of Rule 60(b) 'is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.' " *A.P. v. Virgin Islands ex rel. C.C.*, 961 F. Supp. 122, 36 V.I. 158, 162 (D.V.1. 1997) (quoting *Boughner v. Sec'y of Health, Ethic. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). The decision to vacate a default judgment is left to the sound discretion of the trial court. *Vessup v. Cochran*, 38 V.I. 77, 79 (Tem Ct. 1997).

Defendants filed their Motion to Vacate Judgment pursuant to FED. R. CIV. P. 60(b)(1). Defendants argue that at some point in 2006, Plaintiff and Defendant Anthony had a discussion in which Plaintiff assured Defendant Anthony that "he would ask his attorney not to proceed with the action for debt." Def.s' Mot. to Vacate Judgment, 1.[1] Defendants continue to argue that "this information did not reach to plaintiff's counsel and a motion for default was filed." *Id*. This is the extent of Defendants' arguments.

As an initial matter, the Court finds that Defendants' Motion is untimely. Pursuant to Rule 60(c)(1), a motion filed under Rule 60(b)(1) must be made within a reasonable time and when made under Rule 60(b)(1) it shall be filed "no more than a year after the entry of the judgment. . . ." FED. R. CIV. P. 60(c)(1) (2007). Defendants' Motion, filed under the auspices of Rule 60(b)(1), was filed more than two years after a judgment was entered against Defendants. Defendants provide no legally sufficient reason for the untimeliness; therefore, the Court cannot consider the merits of Defendants' arguments. Even if the Court had authority to consider Defendants' arguments, Defendants failed to point

---

[1]    The conversation is alleged to have been between Carlton Stevens, owner of Charlie's Concrete Services, and Defendant Anthony.

to any grounds under Rule 60(b)(1) that would warrant relief — they neither pointed to mistake nor inadvertence nor surprise nor excusable neglect. That being the case, this Court has no authority to hear Defendants' untimely motion and it must be denied.

## Motion to Stay Writ of Execution

■ Defendants' Motion to Stay Writ of Execution must likewise be denied. Defendants appear to be seeking a stay pending a ruling on the Motion to Vacate Judgment or as Defendants terms it — until "the motions be [g]ranted." Def.s' Mot. to Stay Writ, 2. As indicated in the foregoing discussion, the Court has denied Defendant's Motion to Vacate Judgment and as a result, there remains no basis to address the Motion to Stay Writ of Execution. Consequently, Defendants' Motion to Stay Writ of Execution shall be denied as moot.

## Motion to Prohibit Execution of Property

Defendants filed a Motion to Prohibit Execution of Property in Accordance with Title 5 V.I.C. § 479(a)(2). Section § 479(a)(2) of Title 5 of the Virgin Islands Code provides, in pertinent part:

> (a) The following property shall be exempt from execution if selected and reserved by the judgment debtor or his agent at the time of the levy, or as soon thereafter before sale thereof as the same shall be known to him, and not otherwise. . . .
>
> (2) The tools, implements, apparatus or library necessary to enable any artisan, mechanic or professional person to carry on the trade, occupation or profession by which such person habitually earns his living.

V.I. CODE ANN. tit. 5, § 479(a)(2) (1979).

Defendant Anthony argues that he is involved in the construction business and is a shareholder of Defendant N.A.A. Construction, Inc. He requests that several items be excluded from execution on the judgment in this matter. These items include 1) construction implements, 2) five vehicles, and 3) office equipment and supplies. Defendant Anthony offers little support for his contention that the items should be excluded from execution on the judgment except for stating that the items are used in his business. While section 479(a)(2) protects against the execution of the debtor's assets used in his trade or to earn his living, the Court is mindful

that this action has been brought not only against N.A.A. Construction, Inc. but also Defendant Anthony individually. As a result, the assets of both Defendant Anthony and N.A.A. Construction, Inc. are subject to the judgment. Plaintiff, while not objecting to the exclusion of the construction implements, objects to the exclusion of the vehicles and the office equipments and supplies. The Court will address each in turn.

■ Regarding the construction implements, having no objection from Plaintiff, the Court finds that these items are prohibited from execution on the judgment pursuant to section 479(a)(2), as such items are necessary to the operation of Defendant Anthony's trade in the construction business.

■ ■ As to the office equipment and supplies,[2] the Court finds that these items are also prohibited from execution on the judgment. As the proprietor of a construction business, these items are commonly known to be used in an office setting and are directly related to daily operations and management of such a business and can be classified as tools of one's trade.[3] More importantly, the Court recognizes public policy notions behind exemption statutes, such as 5 V.I.C. § 479, which generally mandate some level of protection to a debtor who finds himself unable to pay his debts but must still have some means to support himself, after payments are made to his creditors while not becoming a burden on the community. *See generally In re Giles*, 340 B.R. 543, 548 (E.D. Pa. 2006).[4] For that reason, while the Court is cognizant that Defendant N.A.A. Construction's assets are subject to the judgment of this Court, this Court is not inclined to completely deprive Defendant Anthony of the means of continuing his daily trade in the construction business, which he testified he has done since 1979. Thus, the Court finds

---

[2]  The office equipment and supplies cited include pens and pencils, a computer, laptops, file cabinets, printers, phones, fax machines, and a paper shredder. Def.s' Mot. to Prohibit Execution of Property. . . , 4.

[3]  *E.g., Matter of Knight*, 75 B.R. 838, 840 (S.D. Iowa 1987) (holding that a computer qualifies as a tool of the trade — "[t]he ubiquity of computers in the business world attests to their importance to the effective and efficient operation of businesses. . ." ).

[4]  *See also In re Cordova*, 394 B.R. 389, 393 (E.D. Va. 2008) (interpreting Virginia's exemption statute and stating "[t]he evident purpose of the exemption is to . . . protect the basic tools and utensils in order to aid the debtor in continuing in his means of livelihood") (internal quotation marks omitted); *In re Shumaker*, 124 B.R. 820, 823 (D. Mont. 1991) (interpreting Montana's exemption statute and holding "[t]he statute reflects an intent to insure that the items necessary to allow a person to continue to work to support himself are secured to that person exempt from seizure and sale") (internal quotation marks omitted).

that the office equipment and supplies are prohibited from execution on the judgment.

As to the motor vehicles, 5 V.I.C. § 479 does not specifically indicate whether a motor vehicle can be exempted under this section. Virgin Islands Courts have not addressed this issue.[5] Other jurisdictions have enacted similar exemption statutes exempting tools, instruments, implements, or apparatus of an individual's trade that are necessary to the individual's trade, occupation, or profession. *See generally* DEL. CODE ANN. tit. 10 § 4902(b) (1995) (providing "each person residing in this State shall have exempt the tools, implements and fixtures necessary for carrying on his or her trade or business. . . ."); LA. REV. STAT. ANN. § 13:3881(A)(2) (2006) (providing "[t]hat property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood" may be exempted).

The most notable difference when comparing 5 VIC. § 479 to similar exemption statutes is that other exemption statutes have provided for the exemption of a motor vehicle or an amount of value towards a motor vehicle whereas 5 V.I.C. § 479 is silent in that respect. *E.g.*, VA. CODE ANN. § 34-26 (2001) (providing "[t]ools, books, instruments, implements, equipment, and machines, including motor vehicles, vessels, and aircraft, which are necessary for use in the course of the householder's occupation or trade not exceeding $10,000 in value. . ." shall be exempted); CAL. C.C.P. CODE § 704.060(a) (1995) (providing "[t]ools, implements, instruments, materials, uniforms, furnishings, books, equipment, one commercial motor vehicle, one vessel, and other personal property are exempt. . . ."); COLO. REV. STAT. § 13-54-102 (2007) exempting ("(i) The stock in trade, supplies, fixtures, maps, machines, tools, electronics, equipment, books, and business materials of any debtor used and kept for the purpose of carrying on any gainful occupation in the aggregate value of twenty thousand dollars; except that exempt property described in this paragraph (i) may not also be claimed as exempt pursuant to paragraph (j) of this subsection (1);" and "(j)(1) One or more motor vehicles or bicycles kept and used by any debtor in the aggregate value of five thousand dollars. . .)."

---

[5] An exhaustive search of the case law within our jurisdiction indicates that the Virgin Islands Courts have not yet addressed this issue. Therefore, it appears that this issue is one of first impression in the Virgin Islands.

While Third Circuit Courts of general jurisdiction have not specifically interpreted exemption statutes, Bankruptcy Courts sitting within the Third Circuit have interpreted whether a motor vehicle may be exempted as a tool of trade under the Bankruptcy Code's exemption statute.[6] Hence, our guidance is found within the Third Circuit Bankruptcy Courts.

Consequently, this Court turns to a two-part determination: first, whether, as a matter of law, a defendant may exempt a vehicle as a "tool, implement, apparatus, or library" under 5 § 479 (a)(2); and second, if a motor vehicle can be exempted, under § 479(a)(2), whether the motor vehicle is reasonably necessary to Defendant Anthony's work, trade, or occupation. Further, whether Defendant Anthony's five motor vehicles are necessary to his work as a contractor that would allow the Court to preclude the vehicles from execution on the judgment in this matter.

■ In making the determination of whether or not a motor vehicle may be considered a tool of trade, Bankruptcy Courts sitting within the Third Circuit have decided that a motor vehicle may be considered a tool of the trade where the motor vehicle is reasonable necessary to the debtor's trade or business. *See In re Giles*, 340 B.R. at 550. More specifically, "a motor vehicle is a tool of the trade only if it is necessary to, and is used by the debtor to carry on his trade." *In re Richard Dempsey*, 39 B.R. 561, 562 (E.D. Pa. 1984) (internal quotation marks and citations omitted). *See also In re Weinstein*, 44 B.R. 987, 989 (E.D. Pa. 1984). Therefore, this Court is persuaded by these Courts that adopt the rule that a motor vehicle can be deemed a tool of trade where the motor vehicle "is used by and is necessary to a debtor for his or her work, trade, or occupation." *In re Giles*, 340 B.R. at 550. Accordingly, an individual can successfully attempt to exempt a motor vehicle as a tool of trade under 5 V.I.C. § 479 (a)(2) if the individual can demonstrate that the motor vehicle is reasonably necessary to the individual's work, trade, or occupation.

■■ The second part of our analysis is whether the motor vehicle is reasonably necessary to the defendant's work, trade, or occupation, which "requires more than a showing that the debtor needs the vehicle to travel to and from his or her place of employment." *Id.* Here, Defendant

---

[6]   11 U.S.C. § 522 provides, in pertinent part:

(d) The following property may be exempted under subsection (b)(2) of this section:

(2) The debtor's interest, not to exceed $3,225 in value, in one motor vehicle.

Anthony is in the construction business and his work can involve the movement of heavy tools, machinery, equipment, and other tools of his trade to and from worksites. To this end, it would be impracticable for a contractor, such as Defendant Anthony, not to have some form of transportation to transport the heavy tools of his trade. Furthermore, "[a] vehicle may be necessary to and used by the debtor regardless of whether or not it is specially outfitted for the debtor's trade." *Id.* While there is limited evidence or testimony as to Defendant Anthony's specific use or his motor vehicles, it can be inferred that the use of at least one motor vehicle such as a van, truck, or other commercial utility vehicle commonly used in the construction industry, is reasonably necessary for Defendant Anthony's trade as a contractor. Given the nature of a contractor's work, the Court finds that a van, truck, or other commercial utility vehicle commonly used in the construction industry, can be exempted as a tool of trade under 5 V.I.C. § 479 (a)(2) under these facts.

Nevertheless, Defendant Anthony argues that *all* of his five motor vehicles should be precluded from execution on the judgment in this matter. The Court disagrees. To allow Defendant Anthony to exempt all his motor vehicles exceeds the scope of reasonableness and defies the public policy notions behind such statutes as 5 V.I.C. § 479. Moreover, Defendant Anthony has not provided the Court with an explanation of the use of these five motor vehicles or justification for excluding these motor vehicles from execution on the judgment. Defendant Anthony testified at the examination of judgment debtor hearing that N.A.A. Construction, Inc. owns three motor vehicles: a 1989 Chevy C30 truck, a 1993 Chrysler Town and Country van, and a 1991 Mazda B-2200 pickup truck. Therefore, Defendant Anthony may choose one of these three motor vehicles to be exempted from execution on the judgment so as to continue his daily trade of construction work; he cannot, however, make a justifiable or reasonable argument that all five motor vehicles are necessary to the operation of his trade as a contractor and should be exempted from execution on the judgment. To that end, Defendant Anthony's request to exempt *all* five motor vehicles shall be denied.

### III. CONCLUSION

This Court finds Defendants' Motion to Vacate Judgment is untimely, pursuant to Rule 60(c)(1) of the Federal Rules of Civil Procedure, and it is therefore denied. Similarly, Defendants' Motion to Stay Writ of

Execution is denied as moot. Finally, Defendants' Motion to Prohibit Execution of Property in Accordance with Title 5 V.I.C. § 479(a)(2) is granted in part and denied in part. Specifically, the Court finds that the construction implements and office equipment and supplies are necessary to Defendant Anthony's trade as a contractor and are excluded from execution on the judgment. Likewise, a motor vehicle — when it is reasonably necessary to an individual's work, trade, or occupation — can be exempted pursuant to 5 V.I.C. § 479 unless this statute is otherwise amended by the Legislature of the Virgin Islands. In this matter, Defendant Anthony may retain one of the three motor vehicles owned by N.A.A. Construction, Inc; the remaining motor vehicles, owned by Defendant Anthony and N.A.A. Construction, Inc., are subject to the judgment against these Defendants. An appropriate Order of even date follows.

### ORDER

For reasons stated in the accompanying Memorandum Opinion of even date and having fully been advised of the premises therein, it is hereby

**ORDERED** that Defendants' Motion to Vacate Judgment is **DENIED**; it is further

**ORDERED** that Defendants' Motion to Stay Writ of Execution is **DENIED**; it is further

**ORDERED** that Defendants' Motion to Prohibit Execution of Property in Accordance with Title 5 V.I.C. § 479(a)(2) is **GRANTED in part and DENIED in part**; it is finally

**ORDERED** that Defendant Neville Anthony shall submit to the Court for approval within **fifteen (15) days** a description, including make, model, and vehicle identification number, of the motor vehicle that he requests is to be exempted from execution on the judgment in this matter.