Filed 04/05/24

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street, PO Box 187
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-03931

---

**Acuity Insurance Company v. Gartner Plumbing & Heating LLC D/B/A ROTO-ROOTER**

---

## ENTRY REGARDING MOTION

Title:        Motion to Vacate Judgment  (Motion: 2)
Filer:        Saul O. Leopold
Filed Date:   February 14, 2024

This case was scheduled for trial on March 26. Defendant appeared. Plaintiff and Plaintiff's counsel failed to appear. The court normally has a five-minute rule: when a party fails to appear within five minutes of the scheduled hearing time, the court proceeds without them. Here, because it was a trial, the court generously waited fifteen minutes, to no avail. Thus, Plaintiff having presented zero evidence, the case was dismissed with prejudice. Plaintiff now moves to reopen.

Plaintiff's explanation for missing the trial is that counsel had trouble finding parking. *Seriously?* "Trouble parking" is not covered by Rules 59 and 60. Under Rule 59, "the general grounds for a new trial are that the verdict is against the weight of the evidence, that the damages are excessive, or that for other reasons the trial was not fair . . . [T]he motion also may raise questions of law arising out of substantial errors in the admission or rejection of evidence or the giving or refusal of instructions." Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2805 (3d ed.). Nor is Rule 60 designed for such errors by counsel. John A. Russell Corp. v. Bohlig, 170 Vt. 12, 24 (1999) (Rule 60(b)

"should be applied only in extraordinary circumstances."). The only case the court has found addressing anything remotely similar involved a pro se party who had overslept as a result of sleeping medication and missed a scheduling hearing. <u>Denman v. Shubow</u>, 413 F.2d 258, 259 (1st Cir. 1969). The court reopened the case, but noted that it was *not* a case in which "the trial was scheduled to begin that day. It was only the assignment day." <u>Id</u>.

Unlike <u>Denman</u>, this was a scheduled trial (and involved a lawyer). "An action may be dismissed under Rule 41(b) if the plaintiff, without offering some explanation that is satisfactory to the court, fails to appear for trial or a significant hearing on the scheduled date, is not ready to present his or her case at trial, or otherwise refuses to proceed at the trial." <u>Cegalis v. Knutsen</u>, No. 22-AP-280, 2023 WL 3271524, at *4 (Vt. May 5, 2023)(quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2370 (4th ed.)). As the Second Circuit has noted, "[o]ne naturally expects the plaintiff to be present and ready to put on her case when the day of trial arrives. A litigant's day in court is the culmination of a lawsuit, and trial dates—particularly civil trial dates—are an increasingly precious commodity in our nation's courts." <u>Lewis v. Rawson</u>, 564 F.3d 569, 580 (2d Cir. 2009) (quoting <u>Moffitt v. Ill. State Bd. of Educ.</u>, 236 F.3d 868, 872, 873 (7th Cir. 2001)); *see also*, <u>Knoll v. Am. Tel. & Tel. Co.</u>, 176 F.3d 359, 364 (6th Cir. 1999) ("Where a plaintiff does not appear at the trial date . . . Rule 41(b) dismissal is particularly appropriate. Indeed, such behavior constitutes the epitome of a 'failure to prosecute.'"); <u>Owen v. Wangerin</u>, 985 F.2d 312, 317 (7th Cir. 1993) ("Dismissal for failure to prosecute . . . is usually applied when the plaintiff is not ready for trial or fails to appear.").

Moreover, there is a strong interest in the finality of judgments. <u>Adamson v. Dodge</u>, 174 Vt. 311, 327 (Vt. 2002) ("Interests of finality require that relief from a previous judgment should be granted only in extraordinary circumstances."); <u>Altman v. Altman</u>, 169 Vt. 562, 564 (1999) (mem.) (The "interest in promoting the certainty and finality of judgments imposes limits on the indulgence which may be sought in relief of final orders.").

This is really a case of inexcusable neglect. Court is not kindergarten. Lawyers are obliged to manage their schedules so that they get to court on time. Most attorneys would arrive at court significantly in advance of a trial to assure time to set up and to be ready to start at the appointed time.  Normal incidents of life such as bad traffic, a child's tantrum,  snowy roads, spilled coffee, or challenging parking are reasons to allow extra time getting to court. They are not reasons to reschedule a trial that the lawyer missed due to a failure to allow appropriate time. If they were, court schedules would mean nothing. Lawyers are expected to be professionals and to manage their schedules to be in court when scheduled. A failure to do so is not grounds for a new trial.

While such a result may seem harsh, courts must take "an appropriately hard line when it comes to determining when neglect that stems from factors totally within the control of a party or its attorney is 'excusable.'" <u>In re Town of Killington</u>, 2003 VT 87A, ¶ 17, 176 Vt. 60. As the Second Circuit has noted:

> We operate in an environment . . . in which substantial rights may be, and often are, forfeited if they are not asserted within time limits established by law. Judges, of course, make mistakes. We . . . have considerable sympathy for those who, through mistakes—counsel's inadvertence or their own—lose substantial rights in that way. . . [However,] the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not

rigorously enforced—where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the [time] bar.

Silivanch v. Celebrity Cruises, Inc., 333 F. 3d 355, 367-68 (2d Cir. 2003). Citing Silivanch, the Vermont Supreme Court has noted: "This consideration is especially compelling in civil cases with sophisticated parties represented by knowledgeable counsel, such as the case here." LaFrance Architects v. Point Five Development South Burlington, LLC, 2013 VT 115, ¶ 10, 195 Vt. 543.

### Order

The motion is denied.

Electronically signed on April 3, 2024 pursuant to V.R.E.F. 9(d).

_____
Helen M. Toor
Superior Court Judge