**GREATER BATON ROUGE GOLF ASSOCIATION, Plaintiff-Appellant,**

v.

**RECREATION AND PARK COMMISSION FOR the PARISH OF EAST BATON ROUGE et al., Defendants-Appellees.**

No. 74–3449

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 23, 1975.

Richard B. Nevils, Robert L. Kleinpeter, Baton Rouge, La., for plaintiff-appellant.

David M. Miller, Walter G. Monsour, Jr., Baton Rouge, La., for defendant-appellee.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

On June 6, 1974, plaintiff Golf Association commenced this suit seeking injunctive relief against defendant Recreation Commission under 42 U.S.C. § 1983 for alleged violations of certain of its civil rights. It was set down for a hearing at 10:00 A.M. on June 17, 1974.

The District Judge called the case promptly at 10:00 on June 17, at which time counsel for the plaintiff was not present in the courtroom. After waiting ten minutes for counsel to appear plaintiff's case was dismissed with prejudice. Counsel appeared at approximately 10:28 A.M. and was informed of the Court's action.

On June 27, 1974, plaintiff's counsel filed a motion to vacate judgment under Rule 60(b)[1] of the Federal Rules of Civil Procedure, 28 U.S.C.A. This motion was supported by affidavits alleging that counsel's failure to make a timely appearance was due to circumstances beyond his control. The affidavits[2] show that counsel for plaintiff was prepared to present his case and had made plans to appear in the United States District Court at 10:00 A.M. However, counsel was also involved in a hearing for a client in the State Circuit Court at 9:30 A.M. the same morning. The affidavits

indicate that counsel apprised the State Circuit Judge of his 10:00 o'clock engagement in federal court and attempted to reschedule his argument in state court for a later hour so that his law partner, who was arguing a case in another state court, could appear in his place at the later hearing. However, the State Circuit Judge stated that he would begin counsel's hearing promptly at 9:30 and that it would be finished in time for counsel to appear in federal court at 10 o'clock. Counsel accepted the state judge's assurances and agreed to proceed. However, opposing counsel presented a lengthy oral argument in the state court proceeding and the hearing, though commenced at 9:30 A.M. was not completed until 10:20 A.M. At this time counsel left the state court and proceeded to the federal court one block away, where he arrived at 10:28 A.M.

Plaintiff's motion to vacate under Rule 60(b) was set down for oral argument on July 19, 1974, but on July 16 the District Judge by minute entry denied the motion. Plaintiff appeals the denial of that motion.

Rule 60(b) of the Federal Rules of Civil Procedure is a remedial provision intended to prevent injustice by allowing parties their day in court even though some technical error has occurred which would otherwise be grounds for default or dismissal. Recognizing the remedial intention of the rule, this Court has noted that it should be given a liberal construction, Padgett v. United States, 5

---

1. Rule 60(b) of the Federal Rules of Civil Procedure provides parties with relief from final judgment in certain instances where the interests of justice dictate.

   Rule 60(b) in relevant part provides:
   "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect  .  .  . . or (6) any other reason justifying relief from the operation of the judgment."

2. The following persons submitted affidavits in support of plaintiff's motion to vacate judgment under Rule 60(b):

(1) Richard B. Nevils, counsel for plaintiff.
(2) Robert L. Kleinpeter, law partner of counsel for plaintiff.
(3) The Honorable Luther F. Cole, Judge Nineteenth Judicial District Court. Judge Cole was presiding judge at the state court proceeding which Richard B. Nevils attended the morning of June 17, 1974 at 9:30 A.M. Judge Cole states in his affidavit that he assured Nevils that the proceeding in state court would be completed in time for him to make his appearance in federal court at 10:00 A.M.

Cir., 1959, 272 F.2d 774, 776. It is generally held that even where there may be evidence in the record which would call for dismissal, any doubt should be resolved in favor of a trial on the merits, Tozer v. Charles A. Krause Milling Co., 3 Cir., 1951, 189 F.2d 242; Bridoux v. Eastern Air Lines, 1954, 93 U.S.App.D.C. 369, 214 F.2d 207.

In Denman v. Shubow, 1 Cir., 1969, 413 F.2d 258, plaintiff failed to appear in the District Court when his case was called for assignment, and consequently the case was dismissed without prejudice. The record shows that at that time plaintiff was taking a prescribed medication which caused him to oversleep and miss his appearance in court. Once he awoke and realized that he had missed his appointment, he promptly contacted the clerk of the court and later drove to Boston to explain his situation to the District Judge. The Court of Appeals reversed the District Court's denial of plaintiff's Rule 60(b) motion and remanded the case for a hearing on the merits. The Court emphasized that plaintiff's tardiness under the circumstances was not sufficiently reprehensible to deny him his day in court. Further the Court noted that plaintiff's prompt action to correct the situation militated in his favor, indicating his good faith and conscious diligence to pursue his claim.

In Bryan v. Groff, 1958, 104 U.S.App. D.C. 5, 259 F.2d 162, however, the Court of Appeals upheld the District Court's denial of a Rule 60(b) motion where summary judgment had been entered on counsel's failure to appear. In that case, plaintiff's counsel was handling other litigation in Virginia on the date of argument of defendant's motion for summary judgment. He informed neither the clerk of the court nor the District Judge of these circumstances and simply failed to appear when his case was called.

The case presently before us is not altogether unmixed. It seems clear to us that when counsel found out he might be detained in the state court he should have forthwith notified the United States District Judge of his situation and requested permission to be slightly late if that became necessary by reason of unexpected detention at the state court. Counsel must have known that courts are not noted for their ability to stay on schedule. Yet, he told the District Court nothing; he kept it in the dark and left it to cool its heels. We cannot say that this was excusable neglect.

On the other hand, counsel did go straight to federal court as soon as he was released from the state court. He was prepared to go forward with his case. He was only twenty eight minutes late. We are of the opinion that dismissal with prejudice was too harsh a remedy for this inept, although unintentional, conduct of counsel. Counsel might well have been disciplined for his tardiness, if all the facts and circumstances justified it, but to put the plaintiff out of court with prejudice was, we think, not an appropriate sanction in this case.

Consequently, we reverse the denial of Rule 60(b) relief and direct that the case be reinstated.

Reversed.