REVISED - December 5, 2000

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30053

_____

In the Matter of BRYAN EUGENE WOODS

                                   Debtor
----------------------------------------------------------

BRYAN EUGENE WOODS,

                                   Appellant

v.

UNITED STUDENT AID FUNDS, INC,

                                   Appellee

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

November 27, 2000

Before KING, Chief Judge, and CUDAHY[*] and WIENER, Circuit Judges.

PER CURIAM:

Appellant Brian Eugene Woods appeals the district court's grant of summary judgment in favor of Appellee United Student Aid Funds, Inc. For the following reasons, we AFFIRM.

The sole issue before us is whether the district court erred when it held that Bryan Eugene Woods's student loan debt to

---

[*]Circuit Judge of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

United Student Aid Funds, Inc. (USAF) was not discharged when he received a general discharge upon completion of his Chapter 13 plan pursuant to 11 U.S.C. § 1328(a) ("§ 1328(a)").

In 1997, Woods petitioned for Chapter 13 bankruptcy relief in the United States Bankruptcy Court. His plan called for complete repayment to all holders of nonpriority unsecured claims, including the USAF debt listed on his schedules. USAF, to whom Woods owed a debt for educational loans made through a governmentally funded program, filed its claim after the claims bar date, and the bankruptcy court denied USAF's proof of claim as untimely. USAF neither attended the hearing regarding the proof of claim nor appealed the bankruptcy court's disallowance. Upon completing his plan payments, which did not include any payments on the disallowed USAF claim, Woods received a general discharge from the bankruptcy court under § 1328(a).

After receiving his general discharge, Woods instituted an adversary proceeding in the bankruptcy court for an order declaring the USAF debt discharged under the general discharge. The parties filed cross-motions for summary judgment.

The bankruptcy court denied Woods's motion, granted USAF's motion, and issued an order finding Woods liable for the debt, postpetition interest, costs, and attorney's fees. The bankruptcy court ruled as a matter of law that the student loan debt owed USAF was not discharged under the general discharge received in August 1998 pursuant to § 1328(a) because § 1328(a)

2

specifically exempted from the mandatory discharge educational loans made to a debtor through a governmentally funded program. In an excellent opinion, the district court affirmed. See In re Woods, No. 99-03211, 1999 WL 1124784, at *3 (E.D. La. Dec. 7, 1999).

Woods contends that because his Chapter 13 plan provided for complete repayment of the USAF debt, it should be discharged under § 1328(a), which states that a court "shall grant the debtor a discharge of all debts provided for by the plan."[1]

We review de novo the district court's grant of summary judgment, applying the same standards as the district court. See Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000). We do not agree with Woods. Section 1328(a) specifically exempts educational loans made through a governmentally funded program, described in 11 U.S.C. § 523(a)(8),[2] from discharge.

---

[1] Section 1328(a) of the Code provides:

> As soon as practicable after completion by the debtor of all payments under the plan, . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt --
> > (1) provided for under section 1322(b)(5) of this title; [or]
> > (2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) . . . of this title.

11 U.S.C. § 1328(a) (West 1997).

[2] The exception from discharge in § 523(a)(8) excludes certain educational debts:

> A discharge under section . . . 1328(a) . . . does not

3

See, e.g., Bell v. Educ. Credit Mgmt. Corp. (In re Bell), 236 B.R. 426, 430-31 (N.D. Ala. 1999) (debtor still liable for unpaid portion of student loan debt and post-petition interest after Chapter 13 general discharge). Because these loans are exempted from discharge, Woods's claim has no merit.

It would serve no useful purpose to restate the well-written opinion of the district court judge. Therefore, for the reasons set out in that opinion, the judgment is AFFIRMED.

---

discharge an individual from any debt–
. . .
(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless–
    (A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years . . . before the date of the filing of the petition; or
    (B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependants.

11 U.S.C. § 523(a)(8)(West 1997).