## In re Patrick H. TYLER, Debtor.

### No. 98–13568 FRM.

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

Oct. 10, 2002.

Order clarifying opinion on reconsideration Nov. 19, 2002.

Patrick H. Tyler, Austin, TX, pro se.

G. Ray Hendren, Austin, TX, pro se.

## MEMORANDUM OPINION

FRANK R. MONROE, Bankruptcy Judge.

This Court held a hearing on September 3, 2002 with regard to the Debtor's Motion to Enforce Discharge. This Court has jurisdiction under 28 U.S.C. § 1334(a), (b) and (d), 28 U.S.C. § 151, 28 U.S.C. § 157(a) and (b)(1), and the Standing Order of Reference in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) as it is a question of whether the Discharge Order entered in the case discharged the Debtor's student loans, and is, therefore, a proceeding arising under Title 11. This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 7052 which is made applicable to contested matters under Bankruptcy Rule 9014.

### Findings of Fact

Patrick H. Tyler (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on October 7, 1998. Listed as debts in his Chapter 13 were certain student loans owed to Educational Credit Management Corporation ("ECMC"). These loans were also provided for in Debtor's Chapter 13 Plan. ECMC attempted to file a proof of claim in Debtor's bankruptcy, but such claim was untimely and therefore disallowed. Debtor completed his Chapter 13 plan payments and became entitled to a discharge. A Discharge Order was entered on May 31, 2001. The Discharge Order ordered that:

1. "Pursuant to 11 U.S.C. § 1328(a), the Debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. § 502, except any debt":

(a) provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment is due after the date on which the final payment under the plan was due;

(b) In the nature of alimony to, maintenance for or support of a spouse, former spouse, or child of the Debtor in connection with a separation agreement, divorce decree or other order of

a court of record, or property settlement agreement, as specified in 11 U.S.C. § 523(a)(5);

2. Pursuant to 11 U.S.C. § 1328(d), the Debtor is not discharged from any debt based on an allowed claim filed under 11 U.S.C. § 1305(a)(2) if prior approval by the Trustee of the Debtor's incurring such debt was practicable and was not obtained.

3. Notwithstanding the provisions of Title 11, United States Code, the Debtor is not discharged from any debt made non-dischargeable by 18 U.S.C. § 3613(f) by certain provisions of Titles 10, 37, 38, 42 and 50 of the United States Code, or by any other applicable provision of law.

4. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

This Discharge Order did not contain the language it should have excepting the Debtor's student loans from discharge in accordance with then existing law as the Chapter 13 Trustee had neglected to change the form he was using. The Discharge Order was submitted and entered by the Bankruptcy Clerk pursuant to the Amended Standing Order Authorizing Clerk to Sign Certain Administrative Orders filed September 30, 1994. On May 29, 2001, notice of the Discharge Order was sent to Debtor's creditors including ECMC. On August 15, 2001 the Bankruptcy Clerk closed the Debtor's case.

ECMC initiated collection efforts on its student loan on or about September 12, 2001. Apparently, ECMC repeatedly called Debtor's place of employment as well as his home and also mailed demands for payment and sent other documents to Debtor's home. ECMC additionally intercepted and offset Debtor's 2001 Federal Income Tax refund in the amount of $962.00. Debtor contacted ECMC to discuss the terms of the Discharge Order as well as telecopied this Order to ECMC. Debtor indicated to ECMC that his student loans were discharged as they were not specifically excepted from discharge in the Discharge Order. ECMC chose not to reopen the Debtor's case to attempt to have the Order corrected under Rule 60. Instead, ECMC continued its collection efforts under the belief that it was not bound by the Order as it did not correctly recite the law then in effect with respect to student loans. The Debtor reopened his case and filed a Motion to Enforce Discharge Order when ECMC initiated garnishment of his wages. It has been more than one year since the entry of the Discharge Order.

At the time Debtor filed his Chapter 13 bankruptcy, § 1328(a)(2) of the Bankruptcy Code excepted from discharge student loan debts pursuant to § 523(a)(8) of the Bankruptcy Code. Section 523(a)(8) requires a Debtor to bring an adversary proceeding to attempt to discharge his student loans. There is no other way for a Debtor to discharge such loans in a bankruptcy case. The Discharge Order in this case, however, failed to except from discharge this Debtor's student loan obligations pursuant to 11 U.S.C. § 1328(a)(2) as noted above due to the oversight of the Chapter 13 Trustee. Therefore, Debtor contends that the Discharge Order actually discharged his student loan obligations regardless of what the law provided.

### Legal Issue

Are student loan obligations dischargeable regardless of the exception to dischargeability set forth in § 1328(a)(2) of the Bankruptcy Code where a Discharge Order by its terms does not specifically except them from being discharged?

### Conclusions of Law

The problem in this case arose because the standard form of Discharge Order used by the Chapter 13 Trustee for discharges did not reflect the state of the law as it applied to student loans when it was entered. Neither the Debtor nor ECMC dispute the contention that the Discharge Order was contrary to the law at the time it was entered.

As stated Debtor contends that the Discharge Order, because it did not specifically except the student loans from discharge, had the effect of discharging his student loan obligations. Debtor relies on § 524(a)(2) of the Bankruptcy Code which states that the Court's discharge order acts as an "injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." *11 U.S.C. § 524.* Debtor argues § 524 is clear and unambiguous and requires strict compliance, otherwise the rule of law, in particular the finality of order, would be emasculated and rendered ineffective in ensuring that debtors are given a fresh start. ECMC obviously disagrees with this analysis.

ECMC first asserts that the Discharge Order itself actually does except the Debtor's student loans from discharge. In the alternative, ECMC requests relief from the Discharge Order pursuant to Federal Rule of Civil Procedure 60.

### Discharge Order Does Not Except Student Loans

ECMC first asserts that the phrase "other applicable provision of law" in Paragraph 3 of the Discharge Order would include the student loans under § 523(a)(8). As such, the student loans would then be excepted pursuant to the Discharge Order. Debtor, however, points out that Paragraph 3 is modified by the introductory phrase which reads, "Notwithstanding the provisions of Title 11." Debtor indicates that the dictionary definition of the word "notwithstanding" means "in spite of, nevertheless, despite" and, that the only logical and correct reading of this Paragraph is that the sentence applies only to debts excepted from discharge under titles (other than Title 11) of the United States Code (several of which are listed) or other applicable laws. Otherwise, the sentence would by syntactically incorrect. This Court agrees that any other reading of this Paragraph would render the "notwithstanding" superfluous. The Discharge Order says what it says. Paragraph 3 in the Discharge Order does not except the student loans from discharge as it refers only to non-Title 11 laws.

### Rule 60 Relief

ECMC also urges that this Court exercise its authority under Rule 60 to correct the Discharge Order. ECMC does not cite any specific relief under Rule 60 just that "[in] the alternative... that the Court exercise its authority under Rule 60, Federal Rules of Civil Procedure, to correct the Discharge Order to except the student loans from discharge and enter a new order that complies with applicable law." *ECMC's First Amended Response to Debtor's Motion to Enforce Discharge,* At the hearing, ECMC requested that this Court correct the Discharge Order under Rule 60(a) stating that the exclusion of the student loans from dischargeability was obviously a clerical error. ECMC, therefore, limited its oral argument to Rule 60(a) at the hearing by only requesting correction of the order as a clerical mistake. Debtor, therefore, urges that that is the sole provision of Rule 60 that this Court can consider. However, ECMC's pleading was not so limited.

ECMC submitted a letter brief after the hearing citing the Court to a case decided on grounds under Federal Rule of Civil Procedure 60(b)(4) with respect to voidness of a discharge order where such discharge order failed to reflect the non-dischargeability of the student loans in contradiction to the law in effect at the time. Debtor argues the issue of voidness of the Discharge Order is simply not before this Court. Debtor submits that a Rule 60(b)(4) claim must be raised by motion which is beyond the clearly stated parameters of the Court's order reopening this bankruptcy case.

Debtor is correct that Rule 60(b) proceedings must be initiated by motion and that ECMC has not filed any such "motion" requesting relief pursuant to subsection (b). However, Debtor filed his Motion to Enforce Discharge, and ECMC responded to that Motion by asking for affirmative relief under Rule 60 without specifying either subsection (a) or (b). Therefore, both subsections (a) and (b) have been properly brought before this Court by ECMC's pleading.[1] To rule otherwise would require ECMC to file a separate motion requesting the same relief it is asking for in its response to the Debtor's Motion, and this Court would then be required to entertain the same issues again. This is not efficient use of the Court's time. Additionally, Debtor is an attorney acting pro so and is well aware of the grounds for relief under Rule 60 and has been heard on these issues. There are no facts in dispute here that would require another hearing on this matter. This is strictly a question of law. So, the Debtor will not be adversely affected by this Court's consideration of ECMC's argument under Rule 60(b). As such, the Court will review ECMC's response as a request for relief under both subsections (a) and (b) of Rule 60.

### (A) Relief under Rule 60(a)

 Rule 60(a) provides that a court may correct clerical mistakes in "judgments, orders or other parts of the record and errors therein arising from oversight or omission...at any time." Fed.R.Civ.P. 60(a). Under this rule, a trial court may "correct clerical errors to reflect what was intended at the time of ruling." Weeks v. Jones, 100 F.3d 124, 128 (11th Cir. 1996)(per curiam). Errors that affect substantial rights of the parties, however, are beyond the scope of Rule 60(a). Matter of West Texas Marketing Corp., 12 F.3d 497 (5th Cir.1994); Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665 (5th Cir.1986) (en banc) cert. denied, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). In Harcon Barge the Fifth Circuit addressed the restrictions which have been placed on this rule:

> The scope of Rule 60(a) is, as we have noted, very limited. In Dura–Wood Treating Co. v. Century Forest Industries, Inc., [694 F.2d 112, 114 (5th Cir. 1982)], the court set out these limits: Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature...[Citations omitted] Thus it is proper to use Rule 60(a) to correct a damages award that is incor-

---

1. It has also been held that a court on its own motion may set aside a void judgment provided notice has been given of its contemplated action and the party adversely affected has been given an opportunity to be heard. McLearn v. Cowen & Co., 660 F.2d 845, 849 (2nd Cir.1981)(quoting **Wright and Miller**).

rect because it is based on an erroneous mathematical computation whether the error is made by the jury or by the court... Correction of an error of "substantive judgment," therefore, is outside the reach of Rule 60(a).

784 F.2d at 668–669. In sum, the relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule, *Matter of West Texas,* 12 F.3d 497 at 504 (5th Cir.1994).

■ Neither the Fifth Circuit nor any bankruptcy court in the Western District has ruled on whether a failure to recite the current law in a Discharge Order is the type of error to be corrected by Rule 60(a). The Debtor cites us to one case (interestingly enough ECMC is also a named party) that has discussed the identical issue we have here. *Educational Credit Management Corp. v. Pearson,* 2002 WL 77069 (M.D.Ga.2002). The *Pearson* Court held that discharging a student loan in the discharge order contrary to the law at the time was not a clerical mistake that could be corrected under Rule 60(a). In *Pearson* ECMC argued 1) that it was unreasonable and absurd to think that the bankruptcy court would enter a discharge order that was contrary to the Bankruptcy Code at the time it was entered; 2) that the error of law contained in the discharge order was not an error that affects substantial rights of the parties because the debtor had no substantive right to have her student loan debt discharged; and 3) that the error of law contained in the discharge order was a clerical mistake because it was caused by a drafting oversight by the Administrative Office. The *Pear-*

*son* Court determined that even though the debtor had no legal right to have her student loan discharged, the discharge order still affected debtor's rights.. i.e. the effect of the discharge order is that ECMC cannot collect on the debt. *Id.* Further, the *Pearson* Court determined that the discharge order, regardless of the error, accurately reflected the intent of the bankruptcy court and that therefore there was no clerical mistake to be corrected under Rule 60(a). *Id.*

It does seem rather ridiculous to this Court that the Discharge Order reflected the actual intent of the bankruptcy court when such was entered contrary to the law in effect at the time.[2] However, the plain and unambiguous language of the Discharge Order clearly prohibits the collection of any debt not excepted and just as clearly discharges the student loans in question. The Debtor relied on this Order as evidenced by his actions with ECMC after bis discharge. ECMC is clearly enjoined from collection efforts under the Discharge Order as well. Correcting such a mistake would clearly affect substantial rights of both parties. In addition, correcting such a deficiency under Rule 60(a) would require inserting a recitation of the law excepting the student loans from discharge. Inserting such a recitation of nondischargeability itself would be more than a correction of a clerical mistake. It would be a material and significant change to the Discharge Order. Accordingly, this Court holds Rule 60(a) does not afford relief to ECMC in this instance either.

### (B) Relief under Rule 60(b)

Federal Rule of Procedure 60(b) allows the court to. relieve a party from a final judgment, order or proceeding for the fol-

---

**2.** We do not know the reasons why an incorrect discharge order was submitted by the Chapter 13 Trustee, but the problem has been remedied.

lowing reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment. *Fed. R. Civ. Pro. 60(b)*.

Federal Rule of Procedure 60(b) requires that the relief requested therein be within a reasonable time but that requests under subsections (1).(2) and (3) be brought not more than one year after the judgment, order or proceeding was entered or taken. *Fed. R. Civ. Pro. 60(b)*. The Discharge Order was entered on May 28, 2001. The Debtor brought this action on July 10, 2002. Therefore, it is too late to grant any relief requested under subsections (1), (2) or (3) and all relief requested thereunder must be denied. Subsection (5) does not apply in this situation. As such, this Court will consider whether relief is available to ECMC under Rule 60(b)(4) and/or Rule 60(b)(6).

*(1) Rule 60(b)(4)*

 Although Rule 60(b) motions must be made "within a reasonable time" the Eleventh Circuit has held that there is no time limit for bringing a motion under Rule 60(b)(4). *See Hertz Corp. v. Alamo Rent–A–Car, Inc.*, 16 F.3d 1126, 1129–31 (11th Cir.1994). Rule 60(b)(4) allows the Court to relieve a party from a final order where a judgment is void. *Fed. R. Civ. Pro. 60(b)(4)*. A judgment is "void only if the court that rendered it lacked jurisdic-

tion of the subject matter or of the parties or it acted in a manner inconsistent with due process of law." *Williams v. New Orleans Public Serv., Inc.*, 728 F.2d 730, 735. (5th Cir.1984). *See also, Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir.1998). Although this argument "most obviously alludes to a jurisdictional defect, [it] allows enough room to capture within [its] reach situations where the parties' failure to follow relevant law or procedure in securing the judgment will undermine its ultimate validity." *Carter* at 1006.

 Although relief under Rule 60(b) is considered an extraordinary remedy, the Fifth Circuit has held that the rule should be construed in order to do substantial justice. *See, e.g. Greater Baton Rouge Golf Ass'n v. Recreation & Park Comm'n.*, 507 F.2d 227, 228–229 (5th Cir. 1975). However, "[t]he desire for a judicial process that is predictable mandates caution in reopening judgments." *Bailey v. Ryan Stevedoring Company, Inc.*, 894 F.2d 157, 160 (5th Cir.1990) (quoting *Fackelman v. Bell*, 564 F.2d 734 (5th Cir.1977)). This Court must review the relief requested hereunder with this Fifth Circuit mandate in mind. Unfortunately, there is no law within this District regarding Rule 60(b)(4) and it's effect on the entry of erroneous discharge orders.

The District Court in *Pearson*, however, also analyzed ECMC's request for relief under Rule 60(b)(4). Subsequent to the Bankruptcy Court's holding in *Pearson*, the Eleventh Circuit issued an opinion in *Burke v. Smith*, which held that "[a] judgment also is void for Rule 60(b)(4) purposes if the rendering court is powerless to enter it". 252 F.3d 1260 at 1263 (11th Cir.2001) As such, the District Court in *Pearson* remanded the case with instructions for the Bankruptcy Court to reconsider its holding under Rule 60(b)(4) in light of *Burke*. The Bankruptcy Court

reheard the issue and entered a decision on May 21, 2002, in which it determined that the Discharge Order was rendered in a manner inconsistent with due process and thus void under Federal Rule of Civil Procedure 60(b)(4). In its decision after remand, the Bankruptcy Court stated:

Turning to the case at bar, an adversary proceeding includes a proceeding to determine the dischargeability of a debt. Fed. R. Bankr.7001(6). An adversary proceeding is commenced by the filing of a complaint. Fed. R. Bankr.P. 7003. The complaint and summons are then served on the defendant. Fed. R. Bankr.P. 7004. A Chapter 13 discharge does not discharge a student loan unless repayment would be an undue hardship. 11 U.S.C.A. §§ 523(a)(8), 1328(c). The debtor has the burden of proving that repayment of the student loan would be an undue hardship and thus dischargeable in bankruptcy. *Cooper v. Educational Credit (In re Cooper)*, 277 B.R. 853 (Bankr.M.D.Ga.2002).

Plaintiff did not file an adversary proceeding to determine if repayment of her student loan would be an undue hardship. Thus, Defendant had no notice prior to entry of the discharge order that Plaintiff's student loan would be discharged. "The core of due process is the right to notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 118 S.Ct. 753, 756, 139 L.Ed.2d 695(1998).

The Court can only conclude that the Court's discharge order is void as to Defendant because Defendant did not have notice and a meaningful opportunity to be heard prior to the discharge of Plaintiff's student loan.

*In re Pearson*, 279 B.R. 612 at 616–617 (Bankr.M.D.Ga.2002).

The law in effect at the time this Debtor's bankruptcy petition was filed did not provide for the discharge of Debtor's student loans absent an adversary proceeding by the Debtor. This Debtor has never filed an adversary proceeding requesting discharge of his student loans. Thus ECMC had no notice prior to entry of this Discharge Order that this Debtor's student loans would be discharged. This Court therefore concludes that the Discharge Order is void as to ECMC because ECMC did not have notice and a meaningful opportunity to be heard prior to the discharge of Debtor's student loan.

The Fifth Circuit has also indicated an inclination to enter a similar decision based on its ruling in *Woods v. United Student Aid Funds, Inc.*, 233 F.3d 324 (5th Cir.2000). In *Woods* the debtor sought relief under Chapter 13 of the Bankruptcy Code in 1997. He owed student loans to USA Funds. Woods listed USA Funds as a creditor and proposed to pay USA's debt through the Chapter 13 plan. USA Funds filed an untimely claim in the bankruptcy and such claim was disallowed. Therefore, USA Funds received no payments under the plan. In 1998, Woods received a general discharge. Following the discharge, Woods instituted an adversary proceeding seeking a determination that his student loan debts were discharged. Woods contended that because his Chapter 13 plan provided for complete repayment of the student loan debt, it should be discharged under § 1328(a), which states that a court "shall grant the debtor a discharge of all debt provided for by the plan." The discharge order in this particular case correctly recited that student loan debt was excepted from discharge. The Bankruptcy Court ruled in favor of USA Funds and Woods appealed to the District Court. The District Court affirmed the Bankruptcy Court and the ruling was then appealed to the Fifth Circuit.

The Fifth Circuit in its ruling basically rubberstamped the District Court opinion stating: "It would serve no useful purpose to restate the well-written opinion of the district court judge. Therefore, for the reasons set out in that opinion, the judgment is affirmed." *Woods* 233 F.3d 324 at 325. The District Court in *Woods* determined that:

> The discharge order issued by the bankruptcy court in the case at bar followed only from the statutory discharges provided by the Bankruptcy Code—Section 1328(a) in this instance. The 1328(a) discharge unambiguously excludes student loan debts from its broad brush since such debts are not dischargeable under Section 523(a)(8). Even if there was a plan provision specifically addressing the subject student loan debt, and there is not, plan provisions discharge nothing. Therefore, even such a specific provision would not change the terms of the bankruptcy court's 1328(a) discharge in this case. *The discharge order issued in this case applies only to discharges authorized by the Bankruptcy Code. (Emphasis added).*

*In re Woods,* 1999 WL 1124784 (E.D.La. 1999).

Even under a *Woods* analysis, the Motion to Enforce Discharge Order should be denied as discharge orders issued apply only to discharges authorized by the Bankruptcy Code. Discharge of student loans is only authorized by § 523(a)(8) of the Bankruptcy Code and the Debtor has not elected to file an adversary proceeding under this section. The Discharge Order issued here was therefore not authorized by the Bankruptcy Code in effect at the time of the filing of Debtor's petition nor at the time of discharge and this Court would have been powerless to enter such an Order.

Further, this is not a case where the Discharge Order is several years old and ECMC has delayed in its attempts to collect its debt. The Discharge Order was only entered a little more than a year ago. And, in fact, ECMC immediately attempted to collect on its debt after entry of the Discharge Order believing that it was not bound by such Order due to the non-dischargeable nature of the student loans at that time. This Court does not believe that the Debtor is unfairly prejudiced by having the Discharge Order set aside. It is very likely the Debtor knew what the law was when he filed for bankruptcy. His attempts to discharge his student loans due to an oversight on a computer-generated form would prohibit justice from being done in light of the facts before this Court.

*(2) Rule 60(b)(6) Relief*

This Court does not believe ECMC is entitled to relief under Rule 60(b)(6) which is a catchall provision that authorizes a court to relieve a party from an order or final judgment for "any other reason justifying relief from the operation of the judgment." *Fed.R.Civ.P.* 60(b)(6). The Fifth Circuit has held that 60(b)(1) and 60(b)(6) are mutually exclusive. *Transit Cas. Co. v. Security Trust Co.* 441 F.2d 788 (5th Cir.1971) *cert. denied,* 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971). Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1). "The fact that the judgment was erroneous does not constitute 'any other reason justifying relief.' " *Annat v. Beard,* 277 F.2d 554, 559 (5th Cir.), *cert. denied,* 364 U.S. 908, 81 S.Ct. 270, 5 L.Ed.2d 223(1960). Rule 60(b)(1), rather than Rule 60(b)(6), applies to obvious mistakes or errors of law. *See, Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir. 1977). What we have here is an error of law within a Discharge Order. A motion

for relief under Rule 60(b)(1) for such an error must be made within one year after the order was entered. It has been more than one year since the entry of the Discharge Order. Therefore, ECMC cannot seek relief under Rule 60(b)(6).

*Conclusion*

At the time the Debtor filed for relief under Chapter 13 and at all times thereafter, § 1328(a)(2) of the Bankruptcy Code excepted student loan debt from dischargeability pursuant to § 523(a)(8). Section 523(a)(8) requires that a debtor file an adversary proceeding in order to obtain discharge of his student loans. The Debtor failed to file such an adversary proceeding and therefore ECMC had no notice prior to the entry of the Discharge Order that the student loans would be discharged. This was a violation of due process. As such, the Discharge Order entered is void and the Debtor's student loans are non-dischargeable. Further, the Discharge Order issued in this case can only apply to discharges authorized by the Bankruptcy Code. The Bankruptcy Code did not authorize discharges of student loans through the Discharge Order. This Court therefore was basically powerless to enter such a Discharge Order.

*ORDER GRANTING DEBTOR'S UNOP-POSED MOTION FOR RECONSID-ERATION AND/OR CLARIFICA-TION OF ORDER DENYING DEBTOR'S MOTION TO ENFORCE DISCHARGE ORDER*

CAME on for consideration Debtor Patrick Tyler's (Debtor) Unopposed Motion for Reconsideration and/or Clarification of Order Denying Debtor's Motion to Enforce Discharge Order (the "Motion").

By the Motion, Debtor seeks to have the Court reconsider and/or clarify the Court's October 10, 2002, Order in which the Court (a) denied Debtor's Motion to Enforce Discharge Order; (b) voided the Discharge Order entered in Debtor's case on May 31, 2002; (c) deemed Debtor's student loans to be "non-dischargeable"; and (d) ordered that a new discharge be issued to reflect the non-dischargeability of Debtor's student loans (the "Denial Order"). Debtor seeks reconsideration and/or clarification with respect to items (c) and (d) regarding the dischargeability of his student loans.

Specifically, Debtor seeks assurances that the Court in its Denial Order was not making a substantive determination as to the dischargeability of Debtor's student loans. If that indeed was the Court's intention, Debtor seeks reconsideration due to the fact that the issue of dischargeability was not before the Court and was not addressed by either Debtor or Educational Credit Management Corporation ("ECMC"). Debtor notes that the resulting discharge order entered by the Court, merely excepts his student loans from discharge pursuant to 11 U.S.C. § 523(8), rather than finds them to be non-dischargeable.

Having considered the Motion, and nothing that it is unopposed, the Court finds it to have merit and should be GRANTED. It is therefore,

ORDERED that the Motion be, and hereby, is GRANTED; and it is further,

ORDERED that the Order Denying Debtor's Motion to Enforce Discharge Order in Bankruptcy Case No. 98-13568, filed in the U.S. Bankruptcy Court for the Western District of Texas—Austin Division be, and hereby is, reconsidered and clarified to reflect the Court's intentions that Debtor's student loans are deemed excepted from discharge under 11 U.S.C. § 523(a)(8) rather that deemed non-dischargeable.