**In re Craig David HANSON, Debtor.**

No. 92–13751–13.

United States Bankruptcy Court,
W.D. Wisconsin.

Dec. 12, 2003.

Andre Hanson, Dorsey & Whitney LLP, Minneapolis, MN, Frank R. Faulhaber, Roseville, MN, for Debtor.

MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

On November 27, 1992, Craig David Hanson ("Hanson") filed this Chapter 13

case. Great Lakes Higher Education Corporation a predecessor to movant Educational Credit Management Corporation ("ECMC") filed an unsecured claim for $31,530.08 for educational loans made to Hanson between 1981 through 1987. Hanson's Chapter 13 plan was completed on August 19, 1997. On September 11, 1997 this court issued a discharge of Hanson's debts using an outdated discharge order form, which did not accurately reflect the law regarding the dischargeability of student loans. After this case was reopened, ECMC filed its motion to reconsider that discharge order. ECMC claims because Hanson did not bring an adversary proceeding pursuant to Bankruptcy Rule 7001(6) to determine the dischargeability of the student loan (see 11 U.S.C. § 523(a)(8)), the discharge entered against it was void and should be modified accordingly.

The discharge order entered in this case stated in pertinent part that:

1. The current discharge order states simply that "the debtor is discharged from all debts dischargeable under 11 U.S.C. § 1328(a)."

2. 11 U.S.C. § 1328. Discharge.

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
(1) provided for under section 1322(b)(5) of this title;
(2) of the kind specified in paragraph (5), **(8)**, or (9) of **section 523(a) of this title;** or
(3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime

3. The Amendment applies to all bankruptcy cases commenced on or after November 5,

1. Pursuant to 11 U.S.C. Section 1328(a), the debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. Section 502, except any debt: ...
(c) for a student loan or educational benefit overpayment as specified in 11 U.S.C. Section 523(a)(8) in any case in which discharge is granted prior to October 1, 1996.

The discharge order was a form supplied by the Administrative Office of U.S. Courts and in general use by Bankruptcy Courts for several years prior to (and, unfortunately, a few months after) October 1, 1996.[1] Educational loan debts were dischargeable without a showing of undue hardship until the effective date of the Omnibus Budget Reconciliation Act of 1990, which amended 11 U.S.C. § 1328(a).[2] [3] Specifically, the amended 11 U.S.C. § 1328(a)(2) excluded from discharge those debts for educational loans which were not dischargeable under 11 U.S.C. § 523(a)(8).[4] 11 U.S.C. § 523(a)(8) provides that a stu-

1990. The Amendment originally contained a sunset provision that held that the amendment would be limited to discharge orders granted prior to October 1, 1996. (Pub.L. No. 101–508, § 3008) The sunset provision was repealed on July 23, 1992. (Pub.L. No. 102–325, § 1558)

4. 11 U.S.C. § 523. Exceptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

dent loan is not dischargeable unless the loan "will impose and undue hardship on the debtor and the debtor's dependents." The discharge order used to discharge Hanson's debts clearly misstated the law at the time it was issued.

This problem was not unique to this court. In *In re Harig*, 302 B.R. 177 (W.D.Va.,2003), upon completion of payments under the plan, the Bankruptcy Court entered an outdated form for the discharge order, which purported to discharge the debtor's student loan debt. The discharge order used the same language used in this court's outdated discharge order. The District Court held that "absent specific notice of a debtor's intent to discharge a student loan debt, including the requisite service of process in an adversary proceeding, a court may not discharge student loan debt without violating due process." *Id.* at 181.

*In re Tyler*, 285 B.R. 635 (Bkrtcy. W.D.Tex.,2002) and *Educational Credit Management Corp. v. Pearson*, 2002 WL 77069 (M.D.Ga.,2002) were similar. In both cases, a discharge order was issued that did not reflect the then current law regarding the nondischargeability of the debtor's student loan debt. Both Courts determined that the discharge order was not a clerical error under Federal Rules of Civil Procedure 60(a) and could not be corrected through the Court's power to correct clerical mistakes. In *In re Tyler*, the Court held that correcting this error "would be more than a correction of a clerical mistake. It would be a material and significant change to the Discharge Order." *In re Tyler*, 285 B.R. 635, 641 (Bkrtcy.W.D.Tex.,2002)

However, In *In re Tyler*, the Bankruptcy Court held that because the "[Tyler] did not file an adversary proceeding to determine if repayment of the student loan would be an undue hardship ... [the cred-

itor, ECMC] had no notice prior to entry of the discharge that [Tyler's] student loan would be discharged" and that the discharge order was void. In *Educational Credit Management Corp. v. Pearson*, the District Court held that because the discharge order was in violation of the current law, it was void. *citing to Burke v. Smith*, 252 F.3d 1260, 1265–66 (C.A.11 Ala.,2001)

The discharge order in this case was incorrect and misstates the law. To the extent that it does so it is void. To remove the void portion the discharge order must be modified. The most expeditious way to achieve this modification is to enter a new discharge order in the form currently in use, effective as of September 11, 1997. It may be so ordered.