In re Kimberly HARIG, a/k/a Doane Debtor.

Educational Credit Management Corporation, Appellant,

v.

Kimberly Doane, Appellee.

Bankruptcy No. 7–96–01907–RKR.
No. CIV.A.7:03CV00084.

United States District Court,
W.D. Virginia,
Roanoke Division.

Oct. 27, 2003.

Gary Michael Bowman, Roanoke, VA, for debtor/appellee.

Steven L. Thomas, Charleston, WV, for appellant.

Rebecca Connelly, Roanoke, VA, U.S. Trustee.

### Memorandum Opinion

WILSON, Chief Judge.

Educational Credit Management Corporation ("ECMC") appeals the decision and order of the United States Bankruptcy Court for the Western District of Virginia denying ECMC relief from an order discharging the student loan debt that Kimberly Doane ("Doane") owed to ECMC. This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1).[1]

---

1. Doane objects to this appeal on the grounds that ECMC failed to properly note the appeal under Bankruptcy Rule 8001(a) or timely file its brief. First, ECMC noted its appeal on December 30, 2002, within ten days of the bankruptcy court's December 20, 2002, order, as provided by Bankruptcy Rule 8002. ECMC, at the request of the clerk, then filed an amended notice of appeal to correct an error in the caption on January 6, 2003, within the time period delineated by the clerk. However, "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal." Fed. R. Bankr.P. 8001(a). Here, ECMC timely filed its original notice and any technical deficiencies under Bankruptcy Rule 8001(a) were not jurisdictionally fatal.

Second, Doane claims ECMC failed to timely file its brief. However, "briefs are deemed filed on the day of mailing." Fed. R. Bankr.P. 8008(a). The appeal was docketed in this court on February 4, 2003, and ECMC mailed its brief on February 19, 2003, within the required fifteen days under Bankruptcy Rule 8009. Therefore, ECMC properly ap-

ECMC challenges the discharge on several grounds: (1) it is void under Federal Rule of Civil Procedure 60(b)(4) because the order violated ECMC's Fifth Amendment procedural due process rights; (2) the bankruptcy court lacked subject matter jurisdiction, thereby voiding the order under Federal Rule of Civil Procedure 60(b)(4); and (3) the discharge resulted from a clerical error and relief is provided under Federal Rule of Civil Procedure 60(a). Finding that the bankruptcy court's order of discharge violated ECMC's procedural due process rights, this court reverses the decision of the bankruptcy court.

## I.

On June 14, 1996, Kimberly Doane filed a voluntary petition for relief in the United States Bankruptcy Court for the Western District of Virginia under Chapter 13 of Title 11 of the United States Bankruptcy Code. As part of the petition, Doane listed an unsecured educational loan for $7,819.07 owed to the Commonwealth of Virginia, which subsequently filed a proof of claim for that loan. Doane then filed a plan of reorganization. Doane, however, did not suggest in her plan that her student loan would be discharged upon confirmation. Rather, the plan called for her to pay $35.00 per month for thirty-six months to her unsecured creditors, which included her student loan creditor. No creditor objected, and the bankruptcy court en-

tered a confirmation order on November 14, 1996. Doane then began making payments pursuant to the plan.

Eight months after the bankruptcy court confirmed Doane's plan, the Commonwealth of Virginia assigned Doane's student loan to ECMC on July 14, 1997. ECMC duly filed an assignment of claim with the bankruptcy court. Thereafter, upon completion of Doane's payments under the plan, the bankruptcy court entered its "Order Discharging Debtor After Completion of Chapter 13 Plan" ("discharge order"), which was mailed to ECMC at the address provided in the assignment of claim. Mistakenly, however, the bankruptcy court utilized an outdated form for the discharge order, which purported to discharge Doane's student loan debt.[2] The discharge order, in pertinent parts, stated:

1. Pursuant to 11 U.S.C. § 1328(a), the debtor is discharged from *all* debts provided for by the plan or disallowed under 11 U.S.C. § 502, except any debt;

. . .

(c) for student loan or educational benefit overpayment as specified in 11 U.S.C. § 523(a)(8) in any case in which discharge is granted prior to October 1, 1996. . . .

5. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

pealed the decision of the bankruptcy court and timely filed its brief; Doane's motion to dismiss the appeal is, therefore, denied.

**2.** Although Doane's discharge order purported to discharge her student loan debt, current Bankruptcy Code provisions, and those in effect at the time of the discharge order, require a showing of undue hardship before discharge. *See* 11 U.S.C. §§ 523(a), 1328. Prior to 1990, however, student loan debt could be discharged without a showing of undue hardship. Congress amended the code in 1990 by requiring a showing of undue hardship, but

included a sunset provision that limited the new requirement to discharge orders granted prior to October 1, 1996. Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101–508 (1990). Then, in 1992, Congress again amended the Bankruptcy Code by repealing the sunset provision. 11 U.S.C. § 1328, Historical and Statutory Notes (citing Pub.L. No. 102–325). Unfortunately, Doane's discharge order erroneously contained the outdated sunset provision, thereby purporting to discharge Doane's student loan debt.

No creditor, including ECMC, appealed the discharge order within the ten days as provided by Bankruptcy Rule 8002(a).

After Doane's discharge, ECMC initiated collection procedures. Doane then reopened her bankruptcy case and filed an adversary proceeding on May 17, 2001, alleging that ECMC had attempted to collect a discharged educational loan. On August 8, 2001, ECMC answered, asserting numerous defenses and denying that the student loan debt was discharged. In the adversary proceeding, ECMC also filed a motion for relief from the bankruptcy court's discharge order pursuant to Federal Rules of Civil Procedure 60(a) and 60(b)(4), both made applicable by Bankruptcy Rule 9024. The bankruptcy court denied ECMC's motion on May 23, 2002. ECMC then requested leave to appeal, but this court denied the request as interlocutory.

After the court denied ECMC's request for leave to appeal, ECMC then filed another motion for relief in Doane's main bankruptcy case, rather than in the adversary proceeding, reasserting its Federal Rules of Civil Procedure 60(a) and 60(b)(4) claims and asserting that the bankruptcy court lacked subject matter jurisdiction to enter an order not in compliance with the Bankruptcy Code. By order dated December 20, 2002, the bankruptcy court denied ECMC's motion and incorporated its May 23, 2002 decision, at which point the discharge order was ripe for appeal. ECMC raises the following issues in his appeal: 1) the bankruptcy court's discharge order should be vacated as void under Federal Rule of Civil Procedure 60(b)(4) because it was entered in a manner inconsistent with due process of law; 2) the bankruptcy court's discharge order should be vacated as void under Federal Rule of Civil Procedure 60(b)(4) because the court lacked subject matter jurisdiction; and 3) the bank-

ruptcy court erred by not vacating the discharge order under Federal Rule of Civil Procedure 60(a) because the order was entered though a clerical mistake.

## II.

As noted by all the parties, Doane's discharge order purported to discharge student loan debt in a manner inconsistent with the current provisions of the Bankruptcy Code. Since the discharge order violated provisions of the Bankruptcy Code, the court must now determine whether to accord the discharge order *res judicata*, or as ECMC urges, vacate the judgment as void. This court holds the bankruptcy court's judgment void because the bankruptcy court entered it in a manner inconsistent with the requirements of due process of law. The judgement of the bankruptcy court is, therefore, reversed.

Under Federal Rule of Civil Procedure 60(b)(4), a court may relieve a party from a final order or judgment if the judgment is void. In the interest of finality, however, the concept of a void judgment is narrowly construed and "a judgment is not void merely because it is erroneous." *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir.1999); *Baumlin & Ernst, Ltd. v. Gemini, Ltd.*, 637 F.2d 238, 242 (4th Cir. 1980). Despite the narrow construction, a void judgment may be subsequently challenged; "[r]ule 60(b)(4) is not subject to any time limitation." *Molinary v. Powell Mountain Coal Co.*, 76 F.Supp.2d 695, 699 (W.D.Va.1999). Therefore, this court may review the order of the bankruptcy court and determine the merits of appellant's Federal Rule of Civil Procedure 60(b)(4) claim.

As interpreted by the Fourth Circuit Court of Appeals, a judgment is void under Federal Rule of Civil Procedure 60(b)(4) if "the rendering court lacked per-

sonal jurisdiction, subject matter jurisdiction, or acted in a manner inconsistent with due process of law." *Eberhardt,* 167 F.3d at 871 (quoting *Schwartz v. United States,* 976 F.2d 213, 217 (4th Cir.1992)). In this case, ECMC argues that it did not receive the notice properly due under the Bankruptcy Rules and Code and that the bankruptcy court deprived ECMC of an opportunity to object or to have a hearing before the court discharged Doane's student loan.

## A.

■ In *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Supreme Court stated that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." More specifically, due process requires notice of a hearing as provided by the Bankruptcy Rules and Code. *Banks v. Sallie Mae Servicing,* 299 F.3d 296, 302 (4th Cir.2002) (citing *In re Linkous,* 990 F.2d 160, 163 (4th Cir.1993)). In the context of student loan debt, discharge requires a showing of undue hardship. *See* 11 U.S.C. §§ 523(a)(8), 1328. To that end, the debtor must satisfy the heightened notice requirements of an adversary proceeding by filing a complaint and by serving process upon the appropriate creditor-defendant. *Banks,* 299 F.3d at 300–01. *See also* Fed. R. Bankr.P. 7001(6); 4007(a); 7003.

There are many aspects to and actions that may be taken in bankruptcy cases which affect the general administration of the case and all creditors generally, but none specifically. Generally, such matters require "notice," but not service of process. When the rights of specific parties become an issue, however, service of the initiating motion or objection on the affected party is required. Mailing the proposed plans, the hearing notice, and the confirmation order satisfies the "notice" requirement under [Bankruptcy] Rule 2002, but not the service and summons requirement of [Bankruptcy] Rule 7004.

*Banks,* 299 F.3d at 301 (internal citations omitted). Moreover, in an adversary proceeding involving a corporate defendant, the plaintiff must serve "an officer, a managing or general agent, or . . . any agent authorized by appointment or by law to receive service of process." *Id.* at 301 (citing Fed. R. Bankr.P. 7004(b)(3)). *See also Cen–Pen Corp. v. Hanson,* 58 F.3d 89, 93 (4th Cir.1995) (indicating that where a Bankruptcy Rule "expressly requires initiation of an adversary proceeding" the creditor has the right to receive service of process in accordance with Bankruptcy Rule 7004(b)(3)). Therefore, absent specific notice of a debtor's intent to discharge a student loan debt, including the requisite service of process in an adversary proceeding, a court may not discharge student loan debt without violating due process.

## B.

■ Despite Fourth Circuit precedent requiring a properly initiated adversary proceeding as a prerequisite for the discharge of student loan debt, Doane argues, and the bankruptcy court agreed, that ECMC received adequate due process notice. First, Doane asserts, ECMC received notice satisfying due process when it received a copy of the discharge order pursuant to Bankruptcy Rule 4004(g). Bankruptcy Rule 4004(g) simply states that "[t]he clerk shall promptly mail a copy of the final order of discharge to [all creditors in the manner provided in Bankruptcy Rule 2002]." Fed. R. Bankr.P. 4004(g). However, as stated in *Banks,* notice provided under Bankruptcy Rule 2002 is inad-

equate when the debtor intends to discharge a nondischargeable student loan debt. In such circumstances, the debtor must comply with the notice provisions of Bankruptcy Rule 7004. Here, Doane never served process on the proper agent under Bankruptcy Rule 7004. Rather, the clerk of the bankruptcy court merely mailed the discharge order to ECMC at the address ECMC provided in the assignment of claim, pursuant to Bankruptcy Rule 2002.[3] Since Doane failed to specifically notify ECMC of her intent to discharge her student loan debt, as required by the Bankruptcy Rules and Code, the subsequent discharge order denied due process to ECMC.

Second, Doane argues that ECMC in effect waived its due process rights by receiving a copy of the discharge order and, thereafter, failing to take any action to attack that order. In *Banks*, however, the Fourth Circuit found a violation of due process where the creditor received notice of the purported discharge of student loan interest before the confirmation hearing, providing more opportunity to object than in the present case. *Banks*, 299 F.3d at 299. As in *Banks*, the debtor in the present case never satisfied the notice requirements of Bankruptcy Rule 7004. Furthermore, in this case, ECMC failed to receive any notice of the purported discharge until after the discharge order, when its rights were effectively decided. Although ECMC could have appealed the discharge order within ten days of entry, the lack of

appropriate notice under the Bankruptcy Rules and Code provided no meaningful notice or opportunity to be heard prior to entry of the order. In fact, ECMC could have challenged entry of the discharge order only if it was able to anticipate the error before the bankruptcy court even entered it. Such a deficiency falls short of the notice standard applied in *Banks*, and violates due process.

### C.

Finally, both the bankruptcy court and Doane rely extensively on *Spartan Mills v. Bank of America Illinois*, 112 F.3d 1251 (4th Cir.1997), as preventing a collateral attack on a final order of the bankruptcy court. That reliance is misplaced. In *Spartan Mills*, the Fourth Circuit considered a case involving disputed first lien priority status between two creditors. In that case, the Bankruptcy Court for the Southern District of Florida entered a provisional order establishing first lien status for Bank of America and requiring conflicting creditors to timely object. *Id.* at 1253. Although Spartan Mills, which acted as a representative of the unsecured creditors committee, received notice of the provisional order, no creditor, including Spartan Mills, objected. The bankruptcy court then entered an order directing sale of the debtor's assets. *Id.* at 1253. Like the provisional order, Spartan Mills received actual notice of the order directing sale, but failed to object. *Id.* at 1253.[4] One month after the order directing sale,

---

3. Under Bankruptcy Rule 2002, the clerk of the bankruptcy court mails each creditor notice to an address the creditor specifically requests or to the address shown on the list of creditors.

4. After the court's order directing sale, Spartan Mills filed an adversary proceeding in the bankruptcy court, asserting its priority in the lien and challenging the bankruptcy court's rulings. *Id.* at 1254. Spartan Mills, however,

failed to take any action to prosecute the adversary proceeding and voluntarily dismissed it. *Id.* at 1255. Although under Bankruptcy Rules, adversary proceedings should be filed by the debtor and notice should be provided as directed by the Bankruptcy Rules and Code, Spartan Mills' action "belie[d] any claimed lack of knowledge." *Id.* at 1257.

the court approved the sale of assets and granted Bank of America first priority in the proceeds. *Id.* at 1254. Then, a year-and-a-half after the sale, Spartan Mills filed an action in the District Court of South Carolina objecting to the bankruptcy court's ruling. On appeal, the Fourth Circuit rejected Spartan Mills' collateral attack on the bankruptcy court's order and held that Spartan Mills did not lack due process knowledge. *Id.* at 1255, 1258 (noting that "this is not the case where [the creditor] was caught by surprise because of a lack of due process notice").

Unlike Spartan Mills, ECMC did not have the notice required by due process. Spartan Mills, a party to the bankruptcy proceeding in Florida, received actual notice of the lien priority orders issued by the bankruptcy court before the orders became final. As noted by the court, "[i]t ... cannot be disputed that Spartan Mills was a party to the bankruptcy proceedings in Florida. It was a creditor; it received notice of all proceedings; it served as representative of the creditors' committee; and it filed its own adversary proceeding..." *Id.* at 1256. In this case, however, ECMC never participated in any of the bankruptcy proceedings. It was never a party to the action; it never served on a creditor's committee; and it never received specific notice, such as service of process, of any of the proceedings. Moreover, it had no opportunity to object to the discharge order because the order was already final at the time ECMC received it. Therefore, unlike Spartan Mills, ECMC failed to receive the proper protections provided by due process.

### III.

In sum, following the decision of the Fourth Circuit in *Banks,* this court finds the Bankruptcy Rules and Code required Doane to provide proper notice of an ad-

versary proceeding before the bankruptcy court discharged her student loan debt. By failing to give specific notice, the discharge violated ECMC's due process rights and the order of bankruptcy court is void. Having decided this case on due process grounds, this court finds it unnecessary to examine the other claims of ECMC.

Accordingly, this court declines to award the bankruptcy court's May 23, 2002, order and December 20, 2002, order preclusive effect. The decision of the bankruptcy court is reversed. The court finds that ECMC's claim against Doane survived the bankruptcy court's Order of Discharge.

### *ORDER*

In accordance with the accompanying memorandum opinion entered this day, it is **ORDERED** and **ADJUDGED** that:

1) appellee Kimberly Doane's Motion to Dismiss the Appeal is **DENIED;**

2) the December 20, 2002, and May 23, 2002, decisions of the United States Bankruptcy Court for the Western District of Virginia are **REVERSED;** and

3) the September 10, 1999, Order Discharging Debtor After Completion of Chapter 13 Plan is **VACATED** in so far as the it purports to discharge Doane's student loan debt to ECMC.

This case shall be stricken from the docket of the court.