### In re NETVERSANT SOLUTIONS, INC., et al., Debtors.

Netversant–Southern California, Inc., a California corporation, Plaintiff,

v.

Johnson Controls, Inc., a Wisconsin corporation, et al., Defendants.

Bankruptcy No. 08–12973(PJW).
Adversary No. 09–50398(PJW).

United States Bankruptcy Court, D. Delaware.

March 30, 2010.

Michael J. Joyce, Cross & Simon, LLC, Wilmington, DE, John P. Dacey, Brian J. Bergman, Bergman & Dacey, Inc., Los Angeles, CA, for NetVersant–Southern California, Inc.

Douglas N. Candeub, Morris James LLP, Wilmington, DE, Charles M. Tatelbaum, Shirin Movahed, Adorno & Yoss LLP, Fort Lauderdale, FL, for Johnson Controls, Inc., and its co-defendants.

**MEMORANDUM OPINION**

WALSH, District Judge.

This opinion is with respect to the motion ("Motion") brought by Plaintiff pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure and Rule 60(b)(4) of the Federal Rules of Civil Procedure, to void this Court's April 24, 2009 order compelling arbitration of this matter ("Arbitration Order") on grounds that this Court lacked federal subject matter jurisdiction at the time the Arbitration Order was entered. Alternatively, Plaintiff requests relief from the Arbitration Order by reason of excusable neglect. The Motion also requests, pursuant to Rule 9027(b) of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 1447(c) and 1452(b), that the Court remand this adversary proceeding back to Department 22 of the California Superior Court, County of Los Angeles ("California State Court"). (Adv.Doc.# 8.) For the reasons discussed below, I deny the Motion to void the Arbitration Order, but will grant the Motion as to remanding the action to the California State Court.

**BACKGROUND**

On or about September 26, 2008, NetVersant–Southern California, Inc. filed a complaint against defendants Johnson Controls, Inc., *et al.*[1] ("Defendants" or "Defendant") in the California State Court,

---

**1.** Defendants are: Johnson Controls, Inc, a Wisconsin Corporation; McCarthy Clark Hunt, a California construction joint venture; McCarthy Building Companies, Inc., a Missouri corporation; Clark Construction Group—California, Inc., a California corporation; Hunt Construction Group, Inc., a California corporation; Safeco Insurance Company of America, a Washington corporation; Los Angeles County Hospital + University of Southern California Medical Center, individually, as a public-private partnership/corporation, and/or as a body politic in the State of California; The Insurance Company of the State of Pennsylvania, a New York corporation; Federal Insurance Company, a New Jersey corporation; Fidelity and Deposit Company of Maryland, a corporation of Maryland; The Continental Insurance Company, an Illinois corporation; Zurich American Insurance Company, a Maryland corporation; United States Fidelity and Guaranty Company, a Maryland corporation; Travelers Casualty and Surety Company of America, a Connecticut corporation; St. Paul Fire and Marine Insurance Company, a Maryland corporation; and Does 1 through 75, inclusive. (Adv.Doc.# 8, ex. B)

alleging various state-law based causes of action, including a claim for breach of contract. (Adv. Doc. # 8, p. 2; Adv. Doc. # 12, p. 2.) That complaint was amended on October 22, 2008.

On November 19, 2008, NetVersant Solutions, Inc. and 21 related entities[2], including NetVersant–Southern California, Inc., (collectively, the "Debtors") filed voluntary petitions under Chapter 11 in this Court. The Debtors identified in their schedules the California State Court action as an "account receivable" and as an "executory contract." (Doc. # 289, Schedules B and G.) In addition, the Debtors' Statement of Financial Affairs listed the California State Court action as pending. (Doc. # 290.).

Also on November 19, 2008, the Debtors entered into an Asset Purchase Agreement ("APA") with NetVersant Acquisition LLC ("Buyer"), a Delaware limited liability company, to transfer to Buyer substantially all of the Debtors' assets, free and clear of liens, claims, and encumbrances, except for certain assumed liabilities and nonassumed executory contracts. (Case Doc. # 266–APA.) Pursuant to the terms of the APA, Buyer acquired virtually all of the assets of Debtors including without limitation, "all causes of action, lawsuits, judgments, claims, refunds, choses in action, rights of recovery, rights of set-off, rights of recoupment, demands and any other rights or claims of any nature ..." (Case Doc. # 266–APA, p. 7) Thus, pursuant to the terms of the APA, Buyer acquired the California State Court action. This Court approved the APA on December 19, 2008. (Case Doc. # 266.) The sale to the Buyer closed on January 6, 2009 ("Closing Date"). (Case Doc. # 525, p. 5.)

On December 10, 2008, Defendants removed the California State Court action to the United States District Court for the Central District of California. The action was then transferred to the United States District Court for the District of Delaware who then referred it to this Court pursuant to 28 U.S.C. § 157.

On February 17, 2009, Delaware District Court sent a letter to Plaintiff's counsel alerting them of the need to retain local counsel to comply with the court's Local Rules. (Adv.Doc.# 12, ex. A, p. 6.) The record does not indicate that Plaintiff's counsel made an effort to comply.

Plaintiff's counsel, having received two notices from the California District Court and two notices from the Delaware District Court informing them that the matter was transferred to this Court, chose not to take any action and not to enter appearance in this Court for nine months, until December 4, 2009. (Adv.Doc.# 5, # 6.) In the meantime, Defendants' counsel continued to move the case forward, and on April 3, 2009, filed a motion in this Court to compel

**2.** The entities include NetVersant, Inc., a Delaware corporation; Intelligent Building Systems, Inc., a New York corporation; NetVersant–Albuquerque, Inc., a New Mexico corporation; NetVersant—Atlanta, Inc., a Delaware corporation; NetVersant—California, Inc., a California corporation; NetVersant—Cascades, Inc., a Washington corporation; NetVersant—Denver, Inc., a Delaware corporation; NetVersant—Mid–Atlantic, Inc., a Maryland corporation; NetVersant—Minneapolis/St. Paul, Inc., a Minnesota corporation; NetVersant—New England, Inc., a Massachusetts corporation; NetVersant—Northern California, Inc., a California corporation; NetVersant—Oregon, Inc., a Delaware corporation; NetVersant—Philadelphia, Inc., a Pennsylvania corporation; NetVersant—Southern California, Inc., a California corporation; NetVersant—Texas, Inc., a Texas corporation; NetVersant Washington, Inc., a Washington corporation; NetVersant GP, Inc., a Delaware corporation; NetVersant LP, Inc., a Delaware corporation; NetVersant National, Inc., a Delaware corporation; NetVersant Management Co., L.P., a Delaware limited partnership; and NV Resources, Inc., a Delaware corporation.

arbitration pursuant to the mandatory arbitration provision contained in the contract by and between Plaintiff and Defendant Johnson Controls, Inc. (Adv.Doc. # 2.), which contract is the basis for the action against Johnson Controls, Inc. The motion was served on parties of record, including Plaintiff's bankruptcy counsel and counsel for the Buyer. (Adv.Doc.# 2.) On April 24, 2009, having received no objections to Defendants' motion, this Court entered the Arbitration Order. (Adv.Doc. # 3, # 4.)

Seven months after the Arbitration Order was entered, Plaintiff filed the Motion to vacate it and to remand the action to the California State Court (Adv.Doc.# 7.) In its Motion, Plaintiff argues that this Court lacked federal subject matter jurisdiction at the time the Arbitration Order was entered. Plaintiff asserts that "The Bankruptcy Court never actually obtained jurisdiction over the State Court Action ... as the Debtors sold the State Court Action to the [Buyer] on December 19,-2008, while [Johnson Controls] did not obtain removal of the action until ten (10) days later on December 29, 2008." (Adv. Doc. # 8, p. 6 n. 4.) In the alternative, Plaintiff pleads for reconsideration of the Arbitration Order on grounds of excusable neglect under Rule 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 60 of the Federal Rules of Civil Procedure. Plaintiff claims that it did not file an opposition to the motion to compel arbitration because its counsel was unaware that the motion was filed. Plaintiff further asserts that it will be prejudiced if the Court's Arbitration Order is not reconsidered.

Defendants filed an opposition to the Motion, claiming that Plaintiff does not have standing to pursue this action because the underlying contract was an executory contract that the Buyer never assumed. (Adv.Doc.# 12.) Defendants also argue that even if Plaintiff has standing, the Motion is untimely because Plaintiff's counsel was on notice that the California State Court action was scheduled to be, and ultimately was removed to the United States District Court. (Adv.Doc.# 12, pp. 8–11.)

## JURISDICTION

This Court has jurisdiction over this related proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b). The predicate for the relief are 28 U.S.C. § 1452(b) and Bankruptcy Rule 9027(d).

## DISCUSSION

*I. The Bankruptcy Court Had Subject Matter Jurisdiction When It Entered The Order To Compel Arbitration*

Plaintiff argues that this Court lacked subject matter jurisdiction over this adversary proceeding at the time it entered the Arbitration Order, and that the order is therefore void. In support, Plaintiff cites only a single case, *Harig v. Doane*, 302 B.R. 177 (W.D.Va.2003). However, *Harig* does not support Plaintiff's position either factually or with its rule of law. In *Harig*, the bankruptcy court utilized an outdated form for its discharge order of the debtor's student loan debt, and as a result erroneously failed to send the creditor a notice which would have been required under the appropriate form. With this mistake, the bankruptcy court denied the creditor due process to be heard prior to entry of the order. The District Court stated: "By failing to give specific notice, the discharge violated ECMC's due process rights and the order of bankruptcy court is void. Having decided this case on due process grounds, this court finds it unnecessary to examine the other claims of ECMC." *Id.* at 183. It is therefore clear that upon reaching its conclusion on due process grounds,

the court in *Harig* did not consider whether the bankruptcy court had subject matter jurisdiction when it entered the order in question.

■■■ Contrary to Plaintiff's position, this Court had subject matter jurisdiction when it entered the Arbitration Order. Under 28 U.S.C. § 1334(b), "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Subject matter jurisdiction is determined as of the date the removal notice is filed. *Schwartz v. Comcast Corp.*, 2005 WL 1799414, *3, 2005 U.S. Dist. LEXIS 15396, at *10–11 (E.D.Pa. July 29, 2005). Plaintiff asserts that the Debtors sold all of their assets to Plaintiff on December 19, 2008, the date on which the APA was approved, and that because the removal notice was filed subsequent to that date, namely, December 29, 2008, this Court lacked subject matter jurisdiction. I disagree.

The Closing Date on the sale transaction took place on January 6, 2009. Asset purchase agreements typically contain buyer "outs"—as does the subject APA—so that the property ownership does not change until the transaction closes. It follows that the Closing Date, not the sale order date, is the relevant date. In this case, the removal notice was filed on December 29, 2008, prior to the Closing Date. Therefore, under 28 U.S.C. § 1334(b) the United States District Court had subject matter jurisdiction over the California State Court action.[3]

■■■ Having established that this Court had subject matter jurisdiction when the remand was effected, I will now address

whether this Court was divested of this jurisdiction once the Debtors sold the California State Court action to the Buyer. There is a long established Supreme Court precedent holding that where a case is filed in a federal court based on diversity of citizenship, and where such diversity is subsequently eliminated, federal jurisdiction is not terminated. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("It uniformly has been held that in a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction."); *Koenigsberger v. Richmond Silver Min. Co.*, 158 U.S. 41, 49, 15 S.Ct. 751, 39 L.Ed. 889 (1895) ("the jurisdiction of the circuit court of the United States neither fails nor attaches by reason of a change in the citizenship of a party pending the suit . . ."); *Mullan v. Torrance*, 9 Wheat. 537, 22 U.S. 537, 539, 6 L.Ed. 154 (1824)("It is quite clear, that the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events."); *Morgan's Heirs v. Morgan*, 2 Wheat. 290, 15 U.S. 290, 297, 4 L.Ed. 242 (1817) ("We are all of opinion that the jurisdiction having once vested, was not devested [sic] by the change of residence of either of the parties."). The courts have similarly held that jurisdiction will not be terminated solely because the amount in controversy is reduced. 303 U.S. 283 at 293, 58 S.Ct. 586, 82 L.Ed. 845 ("[E]vents occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached."); *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3rd Cir.1993).

---

**3.** Since bankruptcy courts are units of the district courts (28 U.S.C. § 151), I do not believe that the transfer of venue from the United States District Court for the Central District of California and the referral from the United States District Court for the District of Delaware to this Court have any particular relevance to the fact that federal jurisdiction was effected by the removal notice on December 29, 2008.

The dispute here arose and the action was commenced *before* the sale of the California State Court action. It is not a post-sale dispute that would preclude "related to" jurisdiction. Because the ancillary jurisdiction here properly existed with respect to a pre-petition and pre-sale dispute, it was not nullified by the subsequent sale transaction. I therefore find that the Arbitration Order is not void by reason of lack of jurisdiction.[4]

## II. Plaintiff's Neglect Was Not Excusable

■ Plaintiff argues that in the alternative, the Court should reconsider the Arbitration Order based on excusable neglect. Rule 60(b) of the Federal Rules of Civil Procedure gives grounds for relief from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). The Supreme Court identified a number of factors that are considered in determining what sort of neglect is "excusable." These factors include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74. Based on Plaintiff's counsel's actions, I cannot conclude that the neglect was excusable.

Plaintiff's counsel does not deny receipt of notice that the action was going to be transferred to the Delaware District Court, and its failure to respond to the California District Court's show cause directive. In its opening memorandum, Plaintiff claims that "[t]he removal motion was unopposed as Plaintiff's litigation counsel did not have the authority to oppose the motion at that time." (Adv.Doc. # 8, p. 3.) In a footnote to that statement, Plaintiff states that "[t]he purchase of the lawsuit from NetVersant by Plaintiff created a transition period during which it was difficult to obtain client authority to act on the lawsuit." (Adv. Doc. # 8, p. 3 n3.) This is a very vague explanation, and I do not believe it warrants an excusable neglect relief. Presumably, either Plaintiff's California counsel or their client elected to take no action on the arbitration motion.

Plaintiff further alleges that it "did not file an opposition to the motion to compel arbitration because Plaintiff's litigation counsel was unaware the motion had been filed as Defendants did not serve Plaintiff's litigation counsel with the motion." (Adv. Doc.# 8, p. 5.) This allegation is without merit for a number of reasons. First, Plaintiff's bankruptcy counsel was aware of the California action, as reflected in the Debtors' schedules filed with this Court. Thus, the bankruptcy counsel was representing each of the Debtors in the Chapter 11 cases. Being that the arbitration motion was timely served on Plaintiff's bankruptcy counsel (Adv.Doc.# 2), that counsel had the responsibility to address the arbitration motion. The arbitration motion was also served on counsel for Buyer. Likewise, after the sale transaction closed, Buyer's counsel had an obligation to address the arbitration motion. Indeed, the fact that counsel did not file an objection to the motion, one can assume that Buyer

---

4. I am not addressing Defendants' assertion that Plaintiff lacked standing to bring this action, because to do so would require me to rule on whether the contract between the parties was an unassumed executory contract. This is a question of fact and the subject matter of the underlying litigation, as the parties disagree on whether they fully performed on the contract. Because this matter was not properly litigated in this Court, I am only addressing the Court's jurisdiction over the action.

did not object to the motion. Lastly, Plaintiff's counsel in this case became aware as early as January 21, 2009 that the action was being transferred to this Court. (Adv.Doc.# 1.) Plaintiff's counsel chose to not enter appearance in this adversary proceeding until December 4, 2009, almost one year after the notice of removal was filed. If Plaintiff's counsel was unaware that the arbitration motion had been filed it was either due to his neglect or to Debtors' bankruptcy counsel's neglect or Debtors' neglect or Buyer's neglect. These possibilities are not adequately addressed in the Motion.

### III. The Case Remanded To The California Superior Court

■ According to 28 U.S.C. § 1452(b), this Court may remand "on any equitable ground" any claims or causes of action that were removed to this Court under § 1334. The case at bar is based entirely on state law claims. Being that the cause of action was removed to this Court on grounds of "related to" jurisdiction, and that the Buyer/Plaintiff is not a debtor entity, the outcome of the case will not have any effect on the bankruptcy estate. I see no reason to further retain this case in this Court.

■ The Third Circuit interpreted that to "remand" a case means to "send back" to the court from which the case originated. *See Bloom v. Barry*, 755 F.2d 356, 358 (3rd Cir.1985). Both the Third and Tenth Circuits have ruled that when remanding a case, the transferee court has the same authority as the transferor court. *Allied Signal Recovery Trust v. Allied Signal, Inc.*, 298 F.3d 263 (3rd Cir.2002) ("a transferee court is deemed to inherit all the authority of a transferor court"); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928

F.2d 1509, 1516 (10th Cir.1991)("The transferee court's powers are coextensive with those of the transferor court; it may issue any order or render any judgment that could have been made in the transferor court had the transfer never taken place."). It follows that if the California District Court (the transferor) has the power to remand the case to the California Superior Court, then this Court (the transferee) also has that power.[5] Therefore, I am remanding this case to the California Superior Court, County of Los Angeles.

### CONCLUSION

For the reasons stated above, Plaintiff's motion to void the Arbitration Order and to remand the case to California Superior Court is partly granted, and partly denied. I am not vacating the Arbitration Order, but I am remanding this proceeding to the California Superior Court, County of Los Angeles.

### ORDER

For the reasons set forth in the Court's memorandum opinion of March 30, 2010, Plaintiff's motion (Adv.Doc.# 7) to void an order compelling arbitration and to remand this action is denied as to voiding the order compelling arbitration and is granted as to the remand. Accordingly, this adversary proceeding is remanded to Department 322 of the California Superior Court, County of Los Angeles.

---

**5.** It should be noted that although the rule in *Bloom* was made applicable to cases remanded under § 1447(d), *Allied Signal* found that the same rule applies to cases remanded under § 1452(b).